## Long's Estate.

An administrator is chargeable with the amount of a note due to his intestate, for
the collection of which he delayed the institution of legal proceedings for several
years after his intestate's death, when with proper diligence the debt might have been
collected.

APPEAL by Jacob Sypher, administrator of Henry Long, de-
ceased, from the decree of the orphans' court of Perry county,
upon the settlement of his administration account.

The facts are sufficiently stated in the opinion of the court.

*Alexander*, for the appellant.
*Watts*, for the appellee.

The opinion of the Court was delivered by

ROGERS, J.—It appears from the facts stated, that the suit was
not brought until 1832, about seven years after the death of ac-
countant's intestate, and not until after the death of Abraham
Sypher, the brother of accountant, who executed the note.   This
was an unreasonable delay, and unless a satisfactory reason can
be given for this want of diligence to enforce the collection of the
money, the administrator is chargeable.   It is said, that the adminis-
trator of Abraham Sypher, maker of the note, has taken defence
against its payment, by alleging that it is a forgery; but it is obvious
from the account which the administrator himself has given of the
transaction, that every difficulty which he has experienced in the
collection of the debt, has arisen from his neglect; for Abraham
Sypher acknowledged the debt in his lifetime, and, from time to
time, promised payment.   It is therefore plain, from his own
showing, that if suit had been brought, or the ordinary and proper

[Long's Estate.]

steps had been taken, the money would have been long since in a course of collection. But it is said, in excuse for his delay, that he had money of his own to collect from him, that he was unable to pay, without selling his property, and that an ejectment was then pending for his land. But this does not free the administrator from the imputation of a want of legal diligence, as these circumstances should rather have induced an increased attention to the recovery of the money, or at least securing the amount due, which certainly could have been done, as it is understood the estate of Abraham Sypher is still solvent. Although the fraternal feelings of the administrator, may have properly induced him to favour his brother in the difficult situation in which he was involved, yet this cannot be done at the expense of the estate. By this course, the administrator has secured his own debt, but has lost, or put in jeopardy the whole claim of the estate. From the whole case, we are of the opinion, that with proper diligence, the debt might have been collected, and that, for this reason, the administrator has been properly charged.

The second, third and fourth exceptions have not been sustained. We are unable to perceive any error in this part of the case, sufficiently tangible, to induce us to alter the account in any respect.

Decree affirmed.