## Charlton's Appeal.

<div style="float:right">34     473<br>f 28 SC ¹168</div>

An executor or administrator who is guilty of gross negligence in the collection of the debts due to the estate, is personally liable for them, if lost through his delay in enforcing payment.

He is a trustee for collection and distribution, and not for investment, and is therefore held to a different rule of liability from that which prevails in case of a guardian.

An administrator having been surcharged on exceptions to his administration account, the widow and all the heirs are entitled to participate in the fund, as finally ascertained, though some of them filed no exceptions to the account.

APPEAL from the Orphans' Court of *Allegheny county.*

This was an appeal by William A. Charlton, administrator of James J. Carpenter, deceased, from the decree of the court below surcharging him with certain debts due to the estate of his intestate, which had not been collected.

James J. Carpenter died intestate, on the 27th February 1852, leaving a widow, and eight children, five of whom were minors; and on the 27th April 1852, letters of administration on his estate were granted to the appellant.

James J. Carpenter, in his lifetime, had been the testamentary guardian and trustee of Rebecca Dysart, and had acted as such for twenty years prior to his decease. He filed no account of this trust, in his lifetime; but after his decease, an account thereof was exhibited by the appellant, as his administrator, which was confirmed absolutely, on the 6th January 1854, showing a balance of $453.34, due by the said Rebecca Dysart, to the estate of James J. Carpenter.

Carpenter was also, in his lifetime, the guardian of Josephine and Jeanette Upperman, and had acted as such for eight or ten years prior to his decease. He filed no account of this trust, but the appellant did so, on the 30th April 1855, which was duly confirmed, and exhibited a balance of $206.09 in favour of Carpenter's estate.

The appellant made no effort to collect these claims; and the

court below, on exceptions to his administration account, filed by the guardian of the five minor children of James J. Carpenter, deceased, surcharged him with these sums, and distributed the final balance thus found to be in his hands, among the widow and all the eight children of the decedent, according to their respective interests. From this decree the present appeal was taken.

*Roberts* and *Mellon*, for the appellant.—The appellant was not liable, unless guilty of gross negligence: 1 *Vern.* 144; *Amb.* 219; 2 *Madd. Ch.* 119, 128. He neglected to issue execution, under the advice of counsel, under the law as settled in Richards's Case, 6 *S. & R.* 463, and McCormick v. Joyce, 7 *Barr* 248, and acted throughout in good faith. He cited Stem's Appeal, 5 *Wh.* 472; Konigmacher's Appeal, 1 *Penn. R.* 207; Eyster's Appeal, 4 *Harris* 372; Williams v. Maitland, 1 *Ired. Ch.* 92; Perry v. Maxwell, 1 *Dev. Ch.* 488; Webb v. Bellinger, 2 *Desau.* 482; Thomas v. White, 3 *Litt.* 177; Gaston's Appeal, *Pittsburgh Legal Journal*, 8th October 1853.

*R. B. Carnahan*, for the appellees, cited Shollenberger's Appeal, 9 *Harris* 337; *Williams on Executors*, 1530, 1537, note 1; 6 *Watts* 46.

The opinion of the court was delivered by

STRONG, J.—We are not prepared to say, that the Orphans' Court erred in holding the appellant accountable for the debts due the decedent's estate from Rebecca Dysart, and from Jeanette and Josephine Upperman. The auditor's report establishes, that both these debts might have been collected; they were ripe for execution, one in 1853, and the other in 1855, but no step was taken to collect the money. It is now said, that the matter was purposely delayed, lest application should be made for bills of review. The possibility of such applications is quite an insufficient reason for the great delay. So the auditor thought, and his report finds that the appellant had been guilty of gross negligence; so gross, that no man of ordinary prudence would have exhibited it in conducting his own affairs. The appellant was an administrator; he was a trustee for collection and distribution, not for investment. His duty, therefore, was unlike that of a guardian. The latter is not bound to sue at once, but may leave a debt where he finds it, unless there is reason to apprehend danger; but an executor or administrator is under obligation to diligence in preparing for distribution. He cannot be justified in putting forth no efforts to collect a debt due the estate which he represents, for a period of three, four, or five years, as in the present case. Not a solitary step appears to have been taken up to this day. The cases cited in regard to the liability of guardians, are

inapplicable to such a trust as the appellant's. The true rule will be found in Johnston's Estate, 9 *W. & S.* 107. We do not desire to be understood as holding, that an administrator is bound to sue immediately a debt due his intestate, or encounter the hazard of personal liability for it; such is not the rule, but he is responsible for the want of ordinary diligence. When he has suffered years to pass by without any effort to collect such a debt, or offering any excuse for his failure to proceed; when an auditor on his account has convicted him of gross negligence, we will not reverse the decree of the Orphans' Court confirming the report of the auditor.

The other exceptions urged against the decree, are answered by the principles asserted in Landis *v.* Scott, 8 *Casey* 504. The accountant having been surcharged with the two debts due the estate of the decedent, the original exceptions having been made to the account itself, and not to the distribution, the widow and all the heirs were entitled to participate in the entire fund as finally ascertained.

The decree of the Orphans' Court is affirmed, with costs.