## Bonesteel *versus* Sullivan.

1. An exemplification, duly certified according to the Act of Congress, of a "petition in bankruptcy, schedules, certificate and indorsement of filing," as the same remain on file in the clerk's office of a United States District Court, is admissible in evidence in a Pennsylvania court, although it does not appear from the certificate or exemplification that said papers constitute the entire record of said proceedings in bankruptcy.

2. *Aliter*, if it appeared affirmatively from the certificate or exemplification that said papers comprised only a part of the record in the case.

3. A mortgage made with intent to defraud the mortgagor's creditors is, nevertheless, good as between the parties to it. In an action on the mortgage, by the mortgagee, where the plaintiff can show a prima facie right to recover on the face of the instrument without developing the fraud in the transaction, the defendant is not permitted to set up in defence his own and the plaintiff's fraudulent intent, and that no consideration passed.

May 23d 1883. Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN and CLARK, JJ. TRUNKEY, J., absent.

ERROR to the Court of Common Pleas of *Warren county :* Of January Term 1883, No. 39.

Scire facias sur mortgage, by Joseph F. Bonesteel, plaintiff, against Charles Sullivan, defendant, upon a mortgage given by defendant to plaintiff, dated September 19th 1867, duly recorded, to secure the payment of $8,000, within five years from date, with interest thereon. Plea, want of consideration, with leave, &c.

On the trial, the plaintiff put in evidence the mortgage in suit, and rested.

The defendant testified, in his own behalf, as follows :— "In 1867, I had been in business previous to that, and had been embarrassed, so I could not meet my obligations promptly. Mr. Bonesteel knew my incompetency to meet my obligations, and I was about contemplating making an assignment or selling out, and I proposed giving him this mortgage with the view of holding it, so that I could settle it and use it for the interest of my creditors. The understanding was that he simply held it in trust to be annulled, and surrender it to me whenever I demanded it. There was no consideration given for it. It was signed and acknowledged at the time of its date, but no bond given."

[Bonesteel *v.* Sullivan.]

Plaintiff, in rebuttal, having testified, in substance, that he had given consideration for the mortgage, offered in evidence a certified copy of the proceedings in bankruptcy of the defendant, Sullivan, in the District Court of the United States for the northern district of New York; for the purpose of showing that the defendant in the schedule of his indebtedness, filed some months after the execution of the mortgage in suit, included the mortgage debt due to the plaintiff, and made oath to its correctness, the same being in the following form:—

The President of the United States of America: To all to whom these presents shall come, greeting:—Know ye, that among the records and proceedings of the District Court of the United States for the northern district of New York, in the office of the clerk of said court, at Buffalo, in said district, there remains therein a petition, schedules, certificate and indorsement of filing in the words and figures following, to wit :

(Here follows the petition and various schedules, one of which shows Bonesteel to be a creditor of Sullivan for purchase-money of coal and oil lands to the amount of $8,000 ; and another schedule giving the land described in the mortgage, as among assets, subject to " a mortgage to secure $8,000 given to Joseph F. Bonesteel," and all signed and sworn to by Charles Sullivan.)

All which we have caused by these presents to be exemplified, and the seal of said court to be hereunto affixed.

[Court Seal.]    Witness the Hon. WILLIAM J. WALLACE, Judge of said court, at Utica, in said district, this 23d day of March A. D. 1880.    WINFIELD ROBBINS, Clerk.

United States of America, northern district of New York, *ss :*   I, Winfield Robins, Clerk of the District Court of the United States, for the northern district of New York, do hereby certify that I have compared the annexed copy of a petition, schedules, register's certificate, and indorsement of filing with the original petition, schedules, certificate and indorsement entered and on file in this office, and that the same is a correct transcript therefrom, and of the whole of said original.

[Court Seal.]    In testimony whereof, I have caused the seal of the said court to be affixed at the city of Buffalo in said district, this 29th day of November, A. D. 1879.

WINFIELD ROBBINS, Clerk.

Northern District of New York, *ss :*   I, WILLIAM J. WALLACE, Judge of the District Court of New York, do hereby certify that the foregoing exemplification of petition, schedule, certificate and indorsement of filing, is duly authenticated according to law; that I am well acquainted with the handwriting of Winfield Robbins, clerk of said court; that I believe the signature of said Winfield Robbins signed to said exempli-

[Bonesteel v. Sullivan.]

fication is in his own proper hand-writing, and is his genuine signature; that he is the clerk of the said court; that said United States District Court is a court of record; that the seal affixed to said exemplification of record is the seal of said United States District Court, and that the foregoing attestation of said clerk is in due form. In witness whereof I have hereunto subscribed my name, at Utica, in said district, this 23d day of March 1880. Wm. J. Wallace, District Judge for the United States for the Northern District of New York and judge of the district court of said district.

Defendant's counsel objects to the same, because it is incompetent to prove the schedule alone without the balance of the record, by the certificate of the clerk, supplemented by that of the judge; the certificate itself showing that it is only a copy of the petition, schedule and indorsement of filing.

Objections sustained, evidence rejected. Exception. (First assignment of error.)

Plaintiff then offered evidence to show that the plaintiff received a notice that a warrant in bankruptcy had been issued, and that Charles Sullivan had been adjudged a bankrupt, and that a meeting of the creditors was called. Plaintiff further proposed to show that in the notice received, was the statement of indebtedness by defendant to plaintiff, of $8,000.

Objected to, as immaterial, incompetent and irrelevant. Objection sustained, evidence rejected. Exception. (Second assignment of error.)

The Court in the charge said, inter alia: " We say to you as a question of law, that if Sullivan was embarrassed, and this mortgage was given to hinder, delay or defraud his creditors, and Bonesteel knowing his condition and circumstances, so received it, then its payment cannot be enforced by this proceeding; and if it had no consideration the plaintiff cannot recover. . . . If you find from the evidence that the defendant was embarrassed, and gave this mortgage to the plaintiff without any consideration, then your verdict should be in favor of the defendant. . . . If you find from the evidence that the mortgage was given because defendant was embarrassed, and without consideration, then your finding should be in favor of defendant. On the other hand, if you find it had a consideration, then your finding should be in favor of the plaintiff for the consideration that was paid, under the evidence, for the mortgage." (Third assignment of error.)

It did not appear that exceptions were filed to the charge of the court at the time of its delivery; and the official court stenographer's notes of evidence, and charge of the court were not filed until after judgment, and writ of error issued.

Verdict for the defendant and judgment thereon. The

[Bonesteel *v.* Sullivan.]

plaintiff took this writ of error, assigning for error the rejection of his offers of evidence, as above, and the portions of the charge above quoted.

*D. L. Ball* (with him *C. C. Thompson*), for the plaintiff in error.—A deed or mortgage given to hinder or defraud creditors is void only as to those parties intended to be defrauded. It is valid between the parties. The mutual fraud is a good consideration. The plaintiff did not require to bring in the alleged fraudulent transaction in order to make out his case, and the defendant cannot set up his own fraud as a defence: Williams *v.* Williams, 10 Cas. 312; Gill *v.* Henry, 14 Nor. 388; Sherk *v.* Endress, 3 W. & S. 255; Evans *v.* Dravo, 12 Harris 62; Hendrickson *v.* Evans, 1 Cas. 441.

*Brown & Stone*, for the defendant in error.—No exceptions having been filed to the charge in the court below, and no request made to file it, and the charge not having been filed until after the removal of the record to this court, and then not by the judge, but by counsel, it is no part of the record, and cannot be assigned for error. The 4th section of the Act May 8th 1876, relates only to the notes of testimony, and contains no reference to the charge. The method of getting the charge on the record for the purpose of assigning error thereto remains as regulated by the Acts of 1806 and 1856, and is only by exception or request of a party, promptly made: Meese *v.* Levis, 1 Harris 385; Bratton *v.* Mitchell, 5 Watts 69; Holden *v.* Cole, 1 Barr 303; Alexander *v.* Weidner, 1 Norris 452; Lehigh Valley R. R. Co. *v.* Hall, 11 P. F. S. 361; Lancaster *v.* De Normandie, 1 Whart. 49. There is no error in the rulings or charge. The court followed the well settled principle that whenever the plaintiff requires the aid of a decree of the court to enforce a contract tainted with fraud or founded on an illegal consideration, he cannot recover. The plaintiff must show that he stands on fair ground when he calls on a court of justice to administer relief to him: Booth et al. *v.* Hodgson et al., 6 T. R. 409; Mitchell *v.* Smith, 1 Binney 119; Swan *v.* Scott, 11 S. & R. 163; Miller's Appeal, 6 Casey 492.

The mortgagee on his sci. fa. requires the aid of a judgment or decree of the court, as much as if he was suing on the bond or on a note. On the bond or a note given for an illegal consideration he could not recover. If the consideration would not support a parol promise, it would not support a specialty: Lestapies *v.* Ingraham, 5 Barr. 71; Morris Run Coal Co. *v.* Barclay Co., 18 P. F. S. 174.

*Ball*, in reply.—The charge of the court was filed in accordance with the provisions of the Act of May 8th 1876, § 4, P. L. 140.

[Bonesteel *v.* Sullivan.]

and became part of the record. In such case exceptions to the charge are not necessary, but assignments may be made of any error apparent in the record : Act of March 24th 1877, § 2 P. L. 39 ; Chase *v.* Vandergrift, 7 Nor. 217 ; Wheeler *v.* Winn, 3 Sm. 122 ; Brown *v.* Caldwell, 10 S. & R. 114. Since the appointment of official stenographers, the reasons given in Meese *v.* Lewis, 1 Harris 384, have ceased to exist.

Mr. Justice GORDON delivered the opinion of the court, October 8th 1883.

We think the court below erred in not admitting in evidence, as offered on part of the plaintiff, the exemplification of the records of the District Court of the United States for the northern district of New York. It is true that the certificate of the clerk does not state in terms, that the exemplification thus offered contains the whole record of the case therein stated, but this is not essential, for, as said, in the case of Edmiston *v.* Schwartz, 13 S. & R. 135, the court will not pronounce such evidence secondary, where it does not appear on the face of it that better remains to be produced. Hence, where the certificate stated that it was "truly copied from the records of the Court of Common Pleas of Cumberland county," it was held sufficient on which to admit the exemplification. The case also of Ferguson *v.* Harwood, ·7 Cranch 408, was cited as authority in point, in which it was held that it was sufficient to admit a paper in evidence that the officer had certified that "it was truly taken from the records of the proceedings of Prince George's county court." We may also refer to Voris *v.* Smith, 13 S. & R. 334, as a case somewhat similar to those already cited. When we compare the certificate now before us with those just referred to, we certainly find it quite as full and specific as were they. By the Act of Congress the proceedings in bankruptcy cases are made matters of record, and according to that Act, "copies of such records, duly certified under the seal of the court, shall in all cases be presumptive evidence of the facts therein stated." These proceedings, then, being thus clothed with the character of records, and it having been certified to us that the ·papers offered in evidence had been found among the records of the proper court, we cannot undertake to say that the evidence is but secondary, or that the exemplification is but a partial one. Did it appear from the certificate, or from the exemplification itself, that it contained but part of the proceedings of the case therein stated, the ruling of the court below must be approved, but from those papers no such thing does appear, and we must, therefore, take it, that in the documents certified by the officer, we have the entire record.

The second assignment needs no special comment. The

[Walls' Appeal.]

admission of the bankruptcy records renders the notice, offered in evidence, of no special importance in the trial of the case, since they supply what was intended to be proved by it; moreover, it is evident that, without the exemplification, this paper, unaccompanied by evidence of the judicial proceedings which authorized its issue, could not be admitted in evidence.

But we are obliged to pronounce that part of the charge which forms the subject of the third assignment of error, erroneous. It is certainly not a correct statement of the law to say that if Sullivan was embarrassed, and this mortgage was given to hinder, delay or defraud his creditors, and Bonesteel knowing his condition and circumstances, so received it, then its payment could not be enforced by the proceedings then pending. A true exposition of the law governing cases of this kind would have involved a doctrine the very contrary of that stated by the learned judge. Sullivan could not set up his own fraud to defeat the mortgage. If it was given to hinder, delay or defraud creditors, as from the defendant's evidence seems to have been the fact, Bonesteel, whose case rested upon this mortgage, which was, prima facie, executed in good faith and for a valuable consideration, could recover. He, though a participant in the fraud, has this advantage over the defendant, he is not obliged to resort to the fraudulent transaction to make out his case, as Sullivan is compelled to do. The former, though perchance as much of a knave as the latter, stands apparently upon a bona fide transaction, whilst the latter, as the very first step in his defence, is obliged to exhibit his own fraud, hence he cannot gain the ear of the court, for, on all authority, a court will not aid or abet a party who comes into it with a dishonest case. It follows that the mortgage, in the case in hand, is good as between the parties to it, though void as to those whom it was intended to defraud: Gill *v.* Henry, 14 Nor. 388.

The judgment is now reversed and a new venire ordered.