No. 11,561.

## WRIGHT *v.* HANNA.

MALICIOUS PROSECUTION.—*Consulting Attorney.*—*Evidence.*—*Malice.*—In an action for malicious prosecution, proof of a conversation between the defendant and a deputy prosecuting attorney, had in the absence of the plaintiff, in which the defendant consulted said attorney as to the propriety of commencing the prosecution complained of, and stated to him the facts and circumstances of the case, upon which statement he was advised to and did commence the prosecution, is competent as tending to rebut malice.

SAME.— *Witness.*—*Moral Character.*—*Impeachment.*—In such case, where the plaintiff is examined as a witness in his own behalf, it is not error to permit the defendant to prove that plaintiff's general moral character is bad, for the purpose of impeaching the credibility of his testimony.

SUPREME COURT.—*Evidence Admitted.*—*New Trial.*—*Practice.*—Where alleged error in the admission of evidence is not made a cause for a new trial, it can not be considered by the Supreme Court.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellant.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellee.

FRANKLIN, C.—This was an action by appellant against appellee for a malicious prosecution. Issue was formed by a denial to the complaint. There was a trial by jury, verdict for defendant, and over a motion for a new trial judgment was rendered for the defendant. Appellant makes no discussion of the evidence.

The first reason insisted upon for a new trial by appellant in his brief is, that the court erred in permitting the defendant to prove upon the trial a conversation between himself and one Fullen in the absence of the plaintiff.

Fullen was a practicing attorney, and the deputy prosecutor for the township in which the parties lived. Before the commencement of the prosecution complained of, the defendant in this case went to the deputy prosecutor to consult him as to the propriety of commencing the prosecution, and detailed to him the facts and circumstances of the case, upon which statement the deputy prosecutor advised him to com-

mence the prosecution, and in pursuance of said advice he did commence the prosecution. It is the proof of this conversation that was objected to.

This evidence clearly tended to rebut malice, and was competent for that purpose.

The second reason urged by appellant in his brief is, that the court erred in permitting the defendant to prove that the plaintiff's general moral character was bad.

The plaintiff was examined in full as a witness on his own behalf in the case; and there was no error in permitting the defendant to prove that plaintiff's general moral character was bad, for the purpose of impeaching the credibility of his testimony.

Appellant further insists that the court below erred in permitting the defendant to prove other suspicious transactions by the plaintiff. This may be true, but the objections to the proof thus made, and the rulings thereon, were not included among the reasons stated for a new trial, and can not here be discussed or considered.

The foregoing includes all the reasons for a new trial referred to by appellant and discussed in his brief. There is no available error in overruling the motion for a new trial.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed Nov. 19, 1884.