The decree is affirmed and the appeal dismissed at the costs of the appellant.

---

## APPEAL OF DANIEL LANDMESSER.

[ESTATE OF DANIEL LANDMESSER, A MINOR.]

FROM THE DECREE OF THE ORPHANS' COURT OF LUZERNE COUNTY.

Argued April 17, 1889—Decided April 29, 1889.

1. A guardian is not to be surcharged with money to which his ward is entitled but which never came into the guardian's hands, unless he has been guilty of gross negligence.

(a) A guardian placed a claim in the hands of an attorney, at the time of good standing, for collection. The attorney, having collected the money and embezzled it, gave the guardian his judgment note for the amount, which proved worthless by reason of the maker's insolvency.

2. In such case, the fact that the guardian declined to incur costs in a fruitless effort to enforce payment of the note by ordinary process, or to apply to the court for a rule on the attorney, or to institute a criminal prosecution against him, was not such negligence as would warrant a surcharge of the amount of the note.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 396 January Term 1889, Sup. Ct.

On October 9, 1888, exceptions were filed in the court below to the account of Lewis Landmesser, guardian of Daniel Landmesser, a minor. The minor was one of five children entitled to the proceeds of a policy of insurance issued by the Reserve Mutual Life Insurance Co. upon the life of Daniel Landmesser, their father. The exceptions, alleging that the guardian had failed to charge himself with $220, the one fifth of the sum paid by the insurance company on the policy, were dismissed

by the court below, RHONE, P. J., whereupon the exceptant took this appeal assigning the dismissal of his exceptions as error.   The facts sufficiently appear in the opinion.

Mr. S. J. Strauss, for the appellant.

Mr. G. R. Bedford, for the appellee.

PER CURIAM:

It was found by the court below, and not denied, that the money with which it was attempted to surcharge this guardian, never came into his hands.   He ought not to be surcharged under such circumstances, unless he has been guilty of gross negligence.

The facts, briefly stated, are as follows: The appellee was duly appointed guardian of the minor children of Daniel Landmesser.   Among the assets which came into his hands was a policy of insurance on the life of Daniel Landmesser.   The company declining to pay, he placed it in the hands of an attorney for collection.   The attorney at that time was in good standing, and the guardian had no reason to suspect him of dishonest practices.   He brought suit against the company, and sometime during the year 1876, with the consent of the guardian, compromised the claim for $1,500; retained $400 of this sum as a fee or compensation for his services, and embezzled the residue.   When the guardian attempted to get the money from his attorney, the latter informed him that he could not pay it over because he had spent it.   He gave him, instead, his judgment note for $1,100, which the guardian has not collected for the reason, as he alleges, that the attorney was and is insolvent, has no visible property, and that even his library has been sold. . The fact of his insolvency has been distinctly found by the court.

It would seem, therefore, that the ordinary remedies for the collection of money would be inadequate to reach this case, and we are not prepared to say the guardian acted unwisely in declining to incur costs and expenses in a fruitless effort to recover it.   His omission to apply to the court for a rule upon the attorney has been criticised.   It may be that had such a proceeding been commenced in 1876, it might have resulted in

payment. The efficacy of a rule in such cases, depends in great measure upon the amount of reputation the attorney has left. If he has sufficient to be worth preserving, and has friends who are able and willing to come to his relief, it frequently results in payment. We do not, however, regard it as the legal duty of a guardian to resort to such a remedy, nor was he bound to institute a criminal prosecution against the defaulting attorney. The taking of the judgment note was not a loan of money; it was not even a settlement; the note was a mere memorandum to show the amount of money remaining in the hands of the attorney. A member of the bar who plunders the estates of minor children in this manner, is not entitled to much consideration; at the same time, we do not see our way clear to punish the innocent guardian for the misdeeds of his counsel.

The decree is affirmed and the appeal dismissed at the costs of the appellant.