## Mansfield's Estate.

*Trusts and trustees—Negligence—Surcharge.*

A trustee will be surcharged with rent where he permits a tenant to remain in possession for three years while paying, during that period, less than one third of a single year's rent, with the prospect of further payment growing more and more distant, with the leased property depreciating for want of necessary repairs, and without having made any proper effort to secure a more satisfactory tenant. In such a case if the trustee takes from the delinquent tenant a conveyance of a dilapidated house on which there is a mortgage, he cannot claim to charge against the estate the interest, taxes in arrear and improvements on such house.

Argued Oct. 9, 1901.   Appeal, No. 10, Oct. T., 1901, by Job R. Mansfield, from decree of O. C. Phila. Co., April T., 1894, No. 451, dismissing exceptions to adjudication in Estate of Charles C. Mansfield.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Exceptions to the adjudication of HANNA, P. J.

From the record it appeared that the testator, Charles C. Mansfield, died on June 17, 1884, leaving a will by which he created a trust for his only child, Edith Mansfield. The principal asset of the estate was a house, factory and lot on Price Street, Germantown, on which was a mortgage of $1,000. The trustee, Job R. Mansfield, leased the house to Benjamin Murdoch, and permitted him to remain in possession for three years, during which period the tenant paid less than one third of a single year's rent. The trustee made no attempt to dispossess the tenant, and made no effort to secure a more satisfactory tenant, except to place a notice on the property. The trustee took from the tenant judgment notes for the rent, and the conveyance of a dilapidated property on Meehan avenue, which was subject to a mortgage of $1,800. The trustee expended on this property in necessary improvements, interest on mortgage, taxes and sewer assessment, an amount aggregating $419.81, while he only received $280 rental. The account as filed by the trustee showed a considerable balance due the trustee. The auditing judge surcharged the trustee with de-

linquent rents, and also with moneys spent on the Meehan avenue house. The account as restated showed a balance due the trust of $29.18. The auditing judge in the course of his opinion said: "The facts in this case present the most remarkable instance of neglect, indifference and mismanagement of a trust ever brought to the attention of the auditing judge."

Exceptions to the adjudication were dismissed by the court.

*Errors assigned* were in dismissing exceptions to adjudication.

*William H. R. Lukens,* with him *Louis DePui Vail,* for appellant.

*John Weaver,* for appellee.

OPINION BY SMITH, J., January 21, 1902:

Though, in the surcharge complained of, this is apparently a hard case, a careful consideration of the evidence has satisfied us of its substantial justice. Whether a demise, with the rent payable at the end of the year, without security, is to be regarded as of itself negligence, may depend largely on local usage and the general course of business under like conditions. But to permit a tenant to remain in possession for three years, while paying, during that period, less than one third of a single year's rent, with the prospect of further payment growing more and more distant, and with the leased property depreciating from want of necessary repairs, must, under all the circumstances here shown, be regarded as nothing less than supine negligence or wilful default. It does not appear what effort was made to secure a more satisfactory tenant, beyond placing a placard on the property; nor, except a superficial explanation by the accountant, is there any evidence to show why the property could not have been leased to greater advantage. While a man may allow his own property to remain unproductive, he may not so deal with property held in trust for another, unless constrained by an overruling necessity, not apparent in this case.

The reduction of the credit for paper hanging, also, is amply justified by the reasons given by the auditing judge.

In refusing to treat the house on Meehan avenue as part of

the trust estate, and to allow the accountant the credits claimed with respect to it, the auditing judge was clearly right. That house was no part of the trust property, but was taken by the accountant as a payment to be applied on the rent due for the property on Pride street. But, as dealt with by the accountant, instead of reducing the debt due the estate, it created a debt which the accountant seeks to cast on the estate. In this matter, the advice of counsel was no justification. There was no legal question involved. Whether the estate would profit by accepting property renting for only $14.00 a month, while subject to a mortgage of $1,800, a sewer lien of $46.50 with interest and taxes in arrear, and needing an expenditure of $138.27 for repairs, was purely a business question. The account shows that, besides the repairs, in twenty months the payments for interest, sewer lien, water and taxes were $419.81, while the rent received was but $280, leaving a total deficit of $312.08. The necessity for these expenditures was apparent at the outset, and the acceptance of the property, with its obvious burden, was, from a business point of view, highly injudicious. What its relation to the trust estate may be, should the property hereafter become productive, we need not here consider. It is enough that the burden with which it is now charged cannot be cast on the estate.

Judgment affirmed.