## Bell, Appellant, *v.* Atlantic City Railroad Company.

*Malicious prosecution—Probable cause—Professional advice—Province of court and jury.*

A resort to professional advice does not necessarily establish a conclusive presumption against malice and in favor of probable cause, and hence does not constitute an independent and substantive defense to an action for malicious prosecution. Such evidence is admissible, however, as tending to establish a defense. Whether or not the defense is established is a question of fact to be found by the jury from all the facts and circumstances taken in connection with such advice. Thus it is for the jury to determine whether the party has fairly and fully communicated to his counsel the facts within his knowledge, and used reasonable diligence to ascertain the truth, as also whether he acted in good faith upon the advice received from counsel.

Argued March 22, 1900. Appeal, No. 12, Jan. T., 1900, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March Term, 1896, No. 738, on verdict for defendant in case of Samuel H. Bell v. Atlantic City Railroad Company. Before McCOLLUM, C. J., DEAN, FELL, MESTREZAT and POTTER, JJ. Reversed.

Trespass for malicious prosecution.
The opinion of the Supreme Court states the case.

The court charged in part as follows:

There is a point in this case which, I think, without going through the whole case, is the conclusive one, and it is this: That where a man goes to a lawyer, a reputable lawyer, and states his case to him, and the lawyer advises him to bring the prosecution, it is a complete defense to the man for having done so. The law says it is absurd to accuse a man of malice who has submitted his case to a lawyer, and the lawyer has given his opinion that he should bring suit. It is essentially so, not only in an individual but in a corporation. They present their case fairly before an estimable gentleman, in the present case, a gentleman who has been twenty years at the bar in the neighboring state of New Jersey, who appears before us, of the highest character and attainment. He comes before you and

states that this matter was presented to him and he advised this man it was his duty to take action in this matter, and in consequence of this advice he did so.   I say the law is positive and beyond doubt that where a man does that, it absolves him from prosecution.   Nothing has been shown here that anything was improperly held from the lawyer when the statement was made to him.   Mr. Miller testified that he took all the papers to him and gave him all the information in his power, and after hearing that he formed his judgment; and I think, therefore, that it is a complete defense in this case, and I shall have to take the responsibility myself and direct you to bring in a verdict for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned*, among others, was portion of charge as above, quoting it.

*S. Morris Waln*, with him *John W. Wescott*, for appellant.—Advice of counsel is not, per se, a complete bar to the presumption of malice arising from want of probable cause.   It is evidence, by defendant, of its good faith, to be considered by the jury.   The attorney for the defendant is not the sole arbiter of the liberty and reputation of plaintiff, however outrageous the prosecution.   The gist of the evidence as to the advice of counsel is not the advice, but the good faith of defendant, which is shown by the fullness and fairness of the statement of facts to counsel: Smith v. Walter, 125 Pa. 469; Leahey v. March, 155 Pa. 458; Barhight v. Tammany, 158 Pa. 545; Schofield v. Ferrers, 47 Pa. 194; Sharpe v. Johnstone, 21 Am. Law Reg. (N. S.) 586; Davenport v. Lynch, 6 Jones Law (N. C.), 545; Wright v. Hanna, 98 Ind. 217; Brewer v. Jacobs, 22 Fed. Repr. 217.

The learned judge erred in holding as a fact that the defendant submitted all the facts of the case to its attorney and followed his advice.

*Thomas Hart, Jr.*, with him *Gavin W. Hart*, for appellee.—It is sufficient to rebut the inference of malice, arising from the want of probable cause, that an honest statement of the facts was submitted to an attorney at law, who advised that they were sufficient to sustain an action, and that the action was

brought on that advice: Emerson v. Cochran, 111 Pa. 619; Smith v. Walter, 125 Pa. 469; McClafferty v. Philp, 151 Pa. 86; Beihofer v. Loeffert, 159 Pa. 376; Leahey v. March, 155 Pa. 458; Barhight v. Tammany, 158 Pa. 545.

Whenever all the evidence before the jury, with all the inferences that they may reasonably draw from it, is not sufficient to sustain a verdict for the plaintiff, and such verdict if returned would have to be set aside, then the court should direct the jury to return a verdict for the defendant: Randall v. B. & O. R. R. Co., 109 U. S. 478; 3 Sup. Ct. Repr. 322; Goodlett v. Louisville, etc., R. R. Co., 122 U. S. 411; 7 Sup. Ct. Repr. 1254; Holland v. Kindregan, 155 Pa. 156; Howard Express Co. v. Wile, 64 Pa. 201; Eister v. Paul, 54 Pa. 196.

If a party lays all the facts fairly before counsel of competency and integrity before beginning proceedings and acts bona fide upon the opinion given by that counsel, however erroneous that opinion may be, he is not liable to this action: Potter v. Casterline, 12 Vroom, 29; Bell v. Atlantic City R. R. Co., 29 Vroom, 227; 33 Atl. Repr. 211.

OPINION BY MR. CHIEF JUSTICE McCOLLUM, March 6, 1902:

This was an action for malicious prosecution to recover the damages sustained by a defendant in a prior proceeding commenced or carried on from a malicious motive, and without any probable cause therefor. Previous to the institution of this suit Bell was an employee of the Atlantic City Railroad Company for six years or more when he was selected by the company to be chief ticket agent at Camden, New Jersey, over its Atlantic City branch. He accepted the position tendered him and entered upon the performance of his duties at once. He continued in the discharge of them until November, 1892, when he was arrested by the defendant for forgery and embezzlement. He was placed in jail where he remained until he was released on bail. On November 15, he was brought before the magistrate who bound him over and demanded bail in $1,000, which he was unable to obtain until November 16 at noon, when he effected a release by securing the bail the magistrate required. On February 28, 1893, he was tried in the court of quarter sessions and acquitted.

It is not necessary at this time to enter upon a discussion of

the testimony.   It is sufficient to say that at the close of the testimony the learned judge of the court below directed the jury to find for the defendant.   He evidently thought that what the defendant's special policeman said and exhibited to the defendant's attorney, together with the latter's advice to arrest Bell for forgery and embezzlement, was sufficient to warrant the jury under proper instructions to render a verdict for the defendant in the case at bar.   In this view of the law we cannot concur.

"A resort to professional advice does not necessarily establish a conclusive presumption against malice and in favor of probable cause, and hence does not constitute an independent and substantive defense to an action for malicious prosecution. Such evidence is admissible, however, as tending to establish a defense.   Whether or not the defense is established is a question of fact to be found by the jury from all the facts and circumstances taken in connection with such advice.   Thus it is for the jury to determine whether the party has fairly and fully communicated to his counsel the facts within his knowledge, and used reasonable diligence to ascertain the truth, as also whether he acted in good faith upon the advice received from counsel: 1 Am. & Eng. Ency. of Law (2d ed.), pp. 906, 907." See also Smith v. Walter, 125 Pa. 469, Leahey v. March, 155 Pa. 458, Davenport v. Lynch, 6 Jones Law (N. C.), 545, Wright v. Hanna, 98 Ind. 217, Brewer v. Jacobs, 22 Fed. Repr. 217, and Sharpe v. Johnstone, 59 Mo. 557.

The learned judge of the court below was in error in deciding as a question of fact that defendant submitted all the facts of the case to its counsel, and in not submitting to the jury, under all the evidence in the case, the disputed question whether or not the defendant used due diligence to ascertain the facts.

Judgment reversed with a venire facias de novo.