## Kauffeld's Estate.

*Executors and trustees—Surcharge—Negligence—Collection of judgment—Advice of counsel.*

A trust company which is an executor of an estate will be surcharged the amount of a judgment for gross negligence in failing to collect it, where it appears that at the time of the death of the decedent the judgment was collectable, that after receiving a naked statement of its own attorney that the attorney for the defendant in the judgment had said there was nothing due upon it, the accountant rested supinely without making the slightest effort to ascertain the truth of the report of its attorney, and without attempting to collect the judgment, and the judgment was consequently lost. In such a case the statement made by the attorney was not advice of counsel, and could not be relied upon as such.

An executor or administrator who is guilty of gross negligence in the collection of the debts due to the estate, is personally liable for them, if lost through his delay in enforcing payment.

Argued April 12, 1905. Appeal, No. 208, April T., 1905, by Emma G. Kauffeld, from decree of O. C. Allegheny Co., Sept. T., 1904, No. 337, refusing to surcharge executor in Estate of Elias Kauffeld, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ., Reversed.

Exceptions to adjudication.
The facts appear by the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Morton Hunter*, for appellant.—It was clearly the duty of the

executor to collect the judgment: Charlton's App., 34 Pa. 473; Johnston's Est., 9 W. & S. 107; Keller's App., 8 Pa. 288.

It was held in Mansfield's Estate, 19 Pa. Superior Ct. 26, that advice of counsel is no protection to a trustee who neglects to collect rents due.

There are cases in which advice of counsel is no protection; cases where the duty is clear, and where the executor knows he ought not to follow the advice of counsel not to perform the duty; cases where the common sense of the executor ought to teach the executor not to accept such advice; cases where the conscience of the executor ought to rebel against such faithlessness as is advised. This is such a case: Gilbert's Appeal, 78 Pa. 266.

The executor was not relieved from liability for the mismanagement of its attorney, because such mismanagement could have been foreseen and controlled: Calhoun's Estate, 6 Watts, 185.

*William M. McGill*, with him *Thomas D. Chantler* and *W. H. McClung*, for appellee.—If trustees act in good faith within the limits of their powers, using proper prudence and diligence, they will not be held responsible for mere mistakes or errors in judgment from which they have derived no benefit.

If the trustee follows the advice of counsel, he will be relieved from responsibility: King v. Morrison, 1 P. & W. 188; During's Appeal, 13 Pa. 224; Neff's Appeal, 57 Pa. 91; Derbyshire's Estate, 81 Pa. 18; Bradley's Appeal, 89 Pa. 514; Huston's Estate, 167 Pa. 217.

Trustees are not answerable for losses to trust estates due to misconduct or insolvency of an attorney in good standing: Calhoun's Appeal, 6 Watts, 185; Landmesser's Appeal, 126 Pa. 115; Webb's Estate, 165 Pa. 330; Schilskey's Estate, 12 Pa. Dist. Rep. 181.

So long as executors manage the estate of their testator in accordance with the ideas which he himself entertained of it, and do nothing but what there is reason to believe he would have approved, could he have been consulted, it seems that they are not responsible for losses as respects legatees; aliter, as respects creditors: McNair's Appeal, 4 Rawle, 148; Verner's Estate, 6 Watts, 250; Keller's Appeal, 8 Pa. 288; Bru-

ner's Appeal, 57 Pa. 46 ; Dundass' Appeal, 64 Pa. 325 ; Semple's Estate, 189 Pa. 385.

OPINION BY MORRISON, J., May 17, 1905 :

Elias Kauffeld died February 1, 1900 and letters testamentary issued to The Fidelity Title and Trust Company on February 5, 1900.   Among the assets of the estate was a judgment at No. 154 of April Term, 1895, in the court of common pleas No. 2 of Allegheny county, in favor of William Meyer v. Henry Meyer, obtained on February 4, 1895, for $1,767.59. On May 22, 1895, William Meyer assigned this judgment to said Elias Kauffeld.   Henry Meyer, defendant in said judgment, died September 24, 1897.   A memorandum of this judgment was found among Elias Kauffeld's effects, soon after his decease, and came into the hands of his executor.   The assignment of the judgment was absolute on its face, but it was held as collateral security for a judgment of Elias Kauffeld v. John S. Henninger for $998.34, with interest from January 18, 1897, at No. 284 of December Term, 1892, in the court of common pleas No. 1, of Allegheny county.   The latter judgment was worthless so far as its collection depended upon the defendant therein.

About three months after Kauffeld's decease, William Meyer, legal plaintiff in the assigned judgment, told C. S. Gray, trust officer of the executor, " That the judgment was all right; it could be collected," and that the defendant owned property. On May 3, 1900, the executor wrote a letter, inclosing a memorandum of the judgment, to its attorney, George B. Parker, Esq., instructing him " to collect the money."   The executor, not obtaining any report from its attorney, wrote him several letters, to wit : on July 9, 1900 ; August 14, 1900 ; October, 24, 1900 ; and November 19, 1900, each letter calling attention to the attorney's neglect to inform the executor of what he had done relative to making the collection.   Soon after the date of the last letter, November 19, 1900, the attorney reported to the executor that Mr. Carpenter, the attorney for the defendant in the judgment, had told him there was nothing due on the judgment.   This Mr. Carpenter was the attorney who represented the plaintiff on the original entry of the judgment, and after the assignment thereof to Elias Kauffeld this attor-

ney appeared for the defendant and presented a petition to the court to have the judgment marked satisfied, and the court granted a rule to show cause thereon. · This was in the lifetime of Elias Kauffeld, who made answer to the rule, on oath, that the judgment was owing and unpaid. In this proceeding, Kauffeld was represented by attorneys who appeared for him of record. Subsequently the rule to show cause why the judgment should not be satisfied was discharged. It appears that the executor made no investigation to ascertain the truth of the report by its attorney, that there was nothing due on the judgment.

The lien of the judgment against the real estate of Henry Meyer, deceased, expired on September 23, 1902. From November 19, 1900, down to September 24, 1902, the executor took no active steps to collect said judgment, nor did the executor receive any legal advice that there was any lawful reason why said judgment could not be collected. In fact, no steps whatever were taken to collect the judgment.

The executor, in its account filed, refused to charge itself with the judgment. To this account Emma G. Kauffeld, widow of the decedent, filed exceptions, asking that the executor be surcharged with the amount lost by reason of its neglect to collect said judgment. The court below made a decree dismissing the exceptions to the executor's account, solely on the ground that the executor was not liable for loss occasioned by the negligence of its attorney, and because it acted under his advice as its counsel. Exceptions were also filed to the decree of adjudication of audit with the leave of court. The court below by its decree dismissed the exceptions to the decree of adjudication of audit. Thereupon this appeal was taken and error assigned for dismissing the exceptions to the executor's account and making said decrees, and that the executor should have been surcharged with the loss occasioned by failure to collect the judgment. The controlling question for decision is whether the executor is excused from liability for an established loss to the amount of $998.34, with interest from January 18, 1897, because it claimed to have acted under the advice of its counsel, George B. Parker, Esq.

The learned court below in its opinion said : " With the record of this open judgment, with the knowledge of the rule

praying to have it marked satisfied, and that it was a lien upon sufficient real estate to provide for its payment, it was clearly the duty of the accountant to promptly proceed in a legal manner to enforce the collection thereof; it can escape surcharge only, if not guilty of gross negligence and if justified in following counsel's advice."

An effort was made in the court below to establish the fact that the judgment was given for the purpose of hindering and delaying creditors; that it was fraudulent and that this excused the accountant from attempting to collect it. The learned court below held that the testimony on this subject was incompetent. The court further held that even if the judgment was given to William Meyer for the purpose of defrauding the creditors of Henry Meyer, it is binding upon the parties thereto and upon their representatives. Citing Hershey v. Weiting, 50 Pa. 240; Harbaugh v. Butner, 148 Pa. 273, and Bonesteel v. Sullivan, 104 Pa. 9. The judgment was accepted by Kauffeld without record knowledge of any fraud between the parties and was apparently a valuable asset of his estate. The testimony, even if competent, would be no answer because it was not communicated by these witnesses to the accountant before the lien of the judgment was lost; failure to take legal steps to enforce collection was not influenced or controlled by the testimony offered. In the above conclusions of the court below we fully concur and this eliminates from the case everything but the plain question of the excuse of the executor from collecting a judgment which was collectible, because of the advice of its counsel.

Upon careful consideration of the arguments and authorities we find ourselves unable to agree with the conclusion of the court that the executor ought not to be surcharged with the loss caused by its negligence. The learned court cites Sewickley Dairy Company's Assigned Estate, 198 Pa. 63, in support of the conclusion that the executor ought to be excused. In that case Mr. Justice MITCHELL said, referring to the accountant: " He is bound to use diligence, prudence and reasonable judgment and skill, but using these he is not responsible further. The advice of counsel is evidence of care and prudence." In that case the auditor expressly found that the accountant had used care, prudence and diligence, and that he

had acted under the advice of counsel. In the case in hand it was not and could not be found that the accountant used care, prudence and diligence in regard to the collection of said judgment. But, on the contrary, after receiving the naked statement of Mr. Parker that the attorney for the defendant in the judgment said there was nothing due upon it, the accountant rested supinely from November, 1900, to September, 1902, without making the slightest effort to ascertain the truth of the report of its attorney and without attempting to collect the judgment. We think this furnishes strong evidence of supine and gross negligence. The court also cites Neff's Appeal, 57 Pa. 91. In that case Mr. Justice SHARSWOOD says: " All that a court of equity requires from trustees is common skill, common prudence and common caution. Executors, administrators or guardians are not liable beyond what they actually receive, unless in case of gross negligence; for when they act as others do with their own goods, and with good faith, and are not guilty of gross negligence, they are not liable. . . . especially where a trustee acts under professional advice he would be protected."

Two things are to be noted in regard to this doctrine: First, the trustee must act with prudence and as others do with their own goods. Second, act under professional advice. Now if the present executor had owned said judgment, it is not conceivable that it would have been satisfied with a statement from the defendant's attorney that there was nothing due upon it, and allow the judgment to lose its lien upon real estate, without making any effort to ascertain the truth of said statement. Then again, the statement made by Mr. Parker does not rise to the dignity of professional advice. It was the mere statement of a fact, about which he knew nothing but what Mr. Carpenter, the attorney for the defendant, had told him. To say that this was legal or professional advice, in connection with the facts in this case, seems absurd.

The learned court also cites Appeal of Landmesser, 126 Pa. 115, but in that case a guardian placed a claim in the hands of an attorney, at the time of good standing, for collection. The attorney collected the money and embezzled it, and it was lost. We do not think that case on its facts rules the question under consideration. Webb's Estate, Webb's Appeal,

165 Pa. 330, is also cited, but on its facts we do not consider it in point.

Advice of counsel does not necessarily establish a substantive defense to an action for malicious prosecution. Such evidence is admissible, however, as tending to establish a defense: Bell v. Atlantic City R. R. Co., 202 Pa. 178, and cases there cited. So we think in regard to the case in hand. The information furnished by Mr. Parker does not, as of course, excuse the accountant from making a diligent effort to collect the judgment.

In Mansfield's Estate, 19 Pa. Superior Ct. 26 we said: "In this matter the advice of counsel was no justification. There was no legal question involved."

In Long's Estate, 6 Watts, 46, it is held, as stated in the syllabus : "An administrator is chargeable with the amount of a note due to his intestate, for the collection of which he delayed the institution of legal proceedings for several years after his intestate's death, when with proper diligence the debt might have been collected."

In Charlton's Appeal, 34 Pa. 473, it was held: "An executor or administrator who is guilty of gross negligence in the collection of the debts due to the estate, is personally liable for them, if lost through his delay in enforcing payment."

In During's Appeal, 13 Pa. 224, Chief Justice GIBSON (p. 234) said: " They are not chargeable for negligence or ignorance ; for it is a sound rule in Pennsylvania, and perhaps in England, though the decisions are discrepant there, that a trustee who has acted faithfully and by advice of counsel, is not answerable for mistakes ; the most prudent could do no more." Note that the requirement is that the trustee must act faithfully and by the advice of counsel. We are forced to the conclusion, in the present case, that the trustee did not act with prudence and did not act faithfully, and, therefore, must be held guilty of gross negligence, which cannot be excused on the ground of the advice given by Mr. Parker.

It is perfectly clear from the letters written to Mr. Parker, above referred to, that the trustee was aware that he was negligent and that he was not proceeding to collect the judgment as he was instructed to do. The most casual investigation would have disclosed to the trustee that Mr. Parker had practically done nothing in the line of collecting the judgment.

After all the delay, and after being spurred by the letters above referred to, he came to the trustee with the frivolous statement that the attorney for the defendant said that there was nothing due upon it. This, in and of itself, ought to have warned the trustee that Mr. Parker was not diligently discharging his duty; that he was not making a proper effort to collect the judgment, and that it was time to investigate the matter, and, if necessary, to employ other counsel.

Now to summarize : Elias Kauffeld owned a judgment against John S. Henninger for $998.34, with interest from January 18, 1897, being No. 284 of December Term, 1892, in the court of common pleas No. 1, of Allegheny county. This judgment was valid but not collectible from the defendant. Elias Kauffeld held as collateral security for the payment of said judgment, judgment No. 154 of April Term, 1895, in the court of common pleas No. 2, of Allegheny county in favor of William Meyer v. Henry Meyer, obtained on February 4, 1895, for $1,767.59. On May 22, 1895, William Meyer duly assigned this judgment to Kauffeld. A memorandum of this judgment was found among Elias Kauffeld's effects and came into the hands of the trust officer of the accountant, soon after the decease of Kauffeld. The Fidelity Title and Trust Company is a corporation which makes a specialty of acting as trustee, executor, administrator, etc., and it has a trust officer whose special business it is to look after this class of business, and, therefore, the duty rests upon it of using due care and diligence, when it undertakes to act in such capacity. The judgment, No. 154 of April Term, 1895, was a valid judgment and a lien upon real estate, and was collectible for more than one year after the accountant undertook the settlement of the Kauffeld estate. No real effort was made to collect this judgment, or to continue the lien upon the real estate bound by it, and it was lost by the negligence of the accountant and this resulted in a loss to the estate of the John S. Henninger judgment to the amount of $998.34, with interest from January 18, 1897. The excuse set up by the accountant for not collecting the judgment is that it was acting under the advice of counsel. We hold that, under the facts in this case, the judgment was lost through the gross negligence of the accountant, and that the so-called advice of counsel, which was that the defendant's counsel in said judg-

ment told him there was nothing due upon it, is wholly insuffi-
cient to relieve the accountant from being surcharged with the
amount of said judgment. What the attorney Parker told the
trust officer of the accountant was not legal advice; it was the
mere statement of a fact, as claimed, but which was not true.
And when the accountant saw fit to rely upon that statement it
assumed the risk of it not being true. It is not now pretended
that there was nothing due on said judgment, and no such fact
was proved in the court below.

This opinion will not be understood to reflect on Mr. Car-
penter, as we believe he acted in entire good faith from his
point of view.

We sustain the assignments of error, and the decree of the
court below is reversed, and it is ordered that the accountant
be surcharged in accordance with this opinion, and it is further
ordered that the accountant pay the costs of this appeal.