## O'Reilly's Estate.

*Arthur S. Minster,* for exceptant; *Francis Mallon,* contra.

GEST, J., Feb. 1, 1929.—This estate is insolvent, and the undertaker, whose claim was not awarded in full, endeavored at the audit to surcharge the accountant by reason of her alleged negligence in the administration of the estate.

The decedent died intestate, unmarried and leaving as his sole heir a daughter, the administratrix, who is a nun or sister in religion, living in a convent. The only assets of the estate consist of $933.16, due as a death benefit or something similar from the Baldwin Locomotive Works, of which he was an employee, and $112.50 cash on deposit in a trust company. The adminis-

tratrix engaged as her counsel Jere J. Crowley, who was at the time an attorney of good standing at the bar. The checks for these two sums, made to the order of the administratrix, were received by her from the Baldwin Locomotive Works and the trust company, respectively, and, at Crowley's request, she endorsed the checks and sent them to him for deposit in her account. Crowley, however, embezzled the money and then died insolvent. The administratrix received, as a dividend on her claim, the sum of $146.38, with which she has charged herself in this account.

The well-established rule, as stated in Calhoun's Estate, 6 Watts, 185, is that a fiduciary is bound to act with common skill, common prudence and common caution, or, as it is stated in Skeer's Estate, 236 Pa. 404, common skill, common prudence and ordinary business caution. This is the general rule in other jurisdictions as well. Thus it has been held that a fiduciary is not responsible for money of the estate stolen by burglars from his safe where he kept his own money: Stevens v. Gage, 55 N. H. 175; Williams on Executors (11th ed.), 1426. So a trustee is not liable for the default of a broker employed in the customary manner for the purchase of investments: Speight v. Gaunt, 22 Ch. Div. 727, 9 A. C. 1; or for the default of a collection agent, properly employed: Re Brier, 26 Ch. Div. 238; Re Weall, 42 Ch. Div. 674.

The fiduciary's position is even stronger in the case of embezzlement by a reputable lawyer, who is not a mere agent, for attorneys-at-law are required, by Act of Assembly of April 14, 1834, § 68, P. L. 354, to be of an honest disposition and learned in the law. For that reason, they are examined by duly appointed authority before admission, and on admission to the bar become officers of the court. Their counsel and technical assistance are necessary in the settlement of a decedent's estate, and their relation to their clients is universally recognized as of a confidential nature.

It has been often decided that an executor who places claims for collection in the hands of his attorney, who is of good repute, is not responsible for the attorney's embezzlement of the proceeds, Landmesser's Estate, 126 Pa. 115; Webb's Estate, 165 Pa. 330, and the Auditing Judge cites also Bender's Estate, 278 Pa. 199, and Darlington's Estate, 245 Pa. 212. Schilskey's Estate, 12 Dist. R. 181, cannot be distinguished in essence from the present case. There the administratrix and her attorney together visited the saving fund to draw out money belonging to the decedent. She gave her receipt for the money, which was paid by the officer of the saving fund to her attorney with her consent, to be deposited by him in the trust company which had become her surety and where she had opened her account. The attorney, however, embezzled the money, but this court refused to surcharge the administratrix. President Judge Hanna said in words very pertinent to this case: "We think, in view of all the facts, she exercised the common prudence and caution generally exercised by persons acting in a fiduciary capacity; she relied upon and confided in her attorney and believed he was capable and honest. It would be most unusual for an administrator, especially a woman in humble life and ignorant of the mode of conducting the business connected with the settlement of an estate, as this accountant seemed to be, to suspect a trusted attorney and examine whether he had deposited money received by him immediately upon its receipt in the estate's bank account." We do not mean to say that a fiduciary may not, in any circumstances, be liable for the default of his attorney, for *ex facto oritur jus* and the facts may disclose a case where his reliance was unjustifiable, but in the present case nothing of the sort appears. The administratrix was a sister in religion, living in a con-

vent; for her the business world was non-existent, and she was virtually compelled to rely upon her trusted attorney in the details of her administration. The exceptions on this point are dismissed.

The exceptions filed to the action of the Auditing Judge in cutting down the amount of the undertaker's bill do not require discussion, and these exceptions are also dismissed.

All exceptions are dismissed and the adjudication is confirmed absolutely.

NOTE.—See Kline's Estate, 280 Pa. 41, cited by Judge Stearne, Auditing Judge.