## Isaac R. Ritter, Appellant, *v.* James Ewing.

174    341
21 SC ¹473

174    341
23 SC ⁸418

174    341
f220  ¹ 64

*Malicious prosecution—Probable cause—Malice.*

In order to maintain an action for malicious prosecution, both malice and want of probable cause for the prosecution must be shown. Probable cause is a reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the accused party is guilty of the offense. Want of probable cause does not establish legal malice to be declared by the court. It is merely evidence of malice, and therefore proper for the consideration of the jury.

*Malicious prosecution—Probable cause—Discharge by magistrate—Burden of proof.*

A discharge by the examining magistrate after hearing, casts upon the prosecutor—defendant in the civil action—the burden of showing probable cause, unless it appears in the plaintiff's testimony.

*Malicious prosecution—Question for jury.*

In an action for malicious prosecution, it appeared that defendant's three year old child while playing in plaintiff's back yard was bitten or scratched by a small dog belonging to the latter. Upon plaintiff's refusal to comply with defendant's request to kill the dog, defendant instituted a prosecution against him for keeping a ferocious dog. *Held,* that it was for the jury to say whether or not the circumstances were sufficient to warrant an ordinarily prudent man in believing the plaintiff was guilty of the offense charged, and also whether there was malice.

Argued Jan. 24, 1896. Appeal, No. 479, Jan. T., 1895, by plaintiff, from judgment of C. P. No. 4, Philadelphia County, Dec. T., 1893, No. 4, on verdict for defendant. Before STER-

RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Trespass for malicious prosecution.   Before ARNOLD, J.

At the trial it appeared that in September, 1893, the children of the defendant were playing with the children of the plaintiff in the yard back of the plaintiff's house.   The entrance to the yard was through the house of the plaintiff and by a descent of five or six steps.   The plaintiff owned a bitch, which had a litter of pups in a box under these steps.   The bitch was snappish and on the day mentioned she snapped at and bit or scratched a child of the defendant, which was about three years old.   The child cried at the time, and after it was taken home its parents became alarmed.   The defendant requested the plaintiff to kill the dog, and upon his refusal, made a complaint before a magistrate, charging the plaintiff with keeping a ferocious dog.   On this charge the plaintiff was arrested, detained an hour before he obtained bail, and after hearing was discharged by the magistrate, because, as the magistrate said, "the dog was not running at large," and for the additional reason that the magistrate thought defendant's child was a trespasser on the plaintiff's property.

Defendant under objection and exception was allowed to prove by magistrate Clement, the committing magistrate, that he discharged the plaintiff at the hearing before him, not because the allegation set up in the information had not been sustained by the testimony before him, but on the ground that the child, Sammie Ewing, was a trespasser upon the grounds of Mr. Ritter, and that therefore he could not be held for the result of his own action in going where that dog was. [1]

The court charged as follows:

[This was a trivial matter for the parties to resort to a process of law; but, nevertheless, the defendant had probable cause to do it.] [2]   This suit is brought against him because he was not able to secure a conviction.   There is no law which punishes a man for failing to convict a person of a charge which he makes before a magistrate.   He is only to be punished when he makes an unfounded charge, and is actuated by malice and ill will. [In this case it is manifest that the boy was bitten.   The plaintiff's case shows that.   The father, in consequence of the bite,

lodged information against the owner of the dog for keeping a ferocious dog, which is an offense.] [3]  The magistrate, however, thinking that the case was not one of enough importance to go to court, discharged defendant.  He says he discharged the defendant because the dog was not running at large.

It has always been held, " That an action for malicious prosecution can be maintained only where the plaintiff can make it appear, first, that the defendant in his attempted prosecution had no probable cause upon which to found it; and, second, that he was actuated by malice.  If the defendant is able to show probable cause, that is sufficient for his protection, and in that case, his motive for the prosecution is not to be considered. Where it appears that there is a reasonable ground for the belief of guilt, without regard to what induced that belief, it ought to be regarded as a justification of the defendant's action, for the question turns not upon the actual state of the case, but upon the honest and reasonable belief of the party prosecuting. So where it appears that the defendant acted merely through mistake, the action cannot be maintained: " 108 Pa. 142.

[This man had probable cause.  His son had been bitten by the dog, and he had the wound cauterized, and went to the police, and then made an affidavit and had a warrant issued. All this was founded upon actual fact, not of falsehood gotten up by him.  It would be absured, as it would be unjust and unlawful, to give damages against a man under those circumstances.] [4]

[You will therefore render a verdict for the defendant.] [5]
Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2–5) above instructions, quoting them.

*Horace M. Rumsey, J. Barton Rettew* with him, for appellant. —The grounds for discharge by a magistrate are inadmissible: Grohmann v. Kirschman, 168 Pa. 203; Bernar v. Dunlap, 94 Pa. 329; Orr v. Seiler, 1 Penny. 446; Beihofer v. Leoffert, 159 Pa. 374; Barhight v. Tammany, 159 Pa. 445.

There was no probable cause: Munns v. Dupont, 3 Wash. C. C. 37; Beach v. Wheeler, 30 Pa. 72; McCarthy v. McArmit, 99 Pa. 69; Cooper v. Hart, 147 Pa. 597; McClafferty v. Philp,

151 Pa. 90; Acker v. Grundy, 12 Atl. 595; Mahaffey v. Byers, 151 Pa. 96; Leahey v. March, 155 Pa. 458; Brobst v. Ruff, 100 Pa. 91; Beihofer v. Loeffert, 159 Pa. 378.

. The question of malice is for the jury: Miller v. Hammer, 141 Pa. 199; Smith v. Walker, 125 Pa. 469.

*S. Davis Page*, *E. P. Allinson* and *Boies Penrose* with him, for appellee.—The appellant has not shown want of probable cause for the prosecution: McClafferty v. Philp, 151 Pa. 86; Mahaffey v. Byers, 151 Pa. 92; Grohmann v. Kirschman, 168 Pa. 203; Snyder v. Patterson, 161 Pa. 98; Sylvester v. Maag, 155 Pa. 225; Gilliford v. Windel, 108 Pa. 145; Steimling v. Bower, 156 Pa. 408.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 16, 1896:

This action of trespass, to recover damages for an alleged malicious prosecution, was brought under the following circumstances. Defendant's three year old child, while playing in plaintiff's back yard, was bitten or scratched by a small dog belonging to the latter. Upon plaintiff's refusal to comply with defendant's request to kill the dog, the defendant instituted a prosecution against him for keeping a ferocious dog. On final hearing before the magistrate, plaintiff was discharged, and thereupon he brought this civil action for damages.

On the trial, the learned judge, after hearing the testimony introduced by both parties, directed the jury to find for the defendant, because—as he thought —the evidence did not disclose a case of malicious prosecution, but one founded on probable cause.

It is well settled that to maintain an action for malicious prosecution, both want of probable cause for the prosecution and malice must be shown. Want of probable cause does not establish legal malice to be declared by the court. It is merely evidence of malice and therefore proper for the consideration of the jury: Bernar v. Dunlap, 94 Pa. 329. A discharge by the examining magistrate, after hearing, casts upon the prosecutor —defendant in the civil action—the burden of showing probable cause, unless it appears in the plaintiff's testimony. As generally defined, probable cause is a reasonable ground of suspicion, supported by circumstances sufficient to warrant an

ordinarily prudent man in believing the accused party is guilty of the offense: McClafferty v. Philp, 151 Pa. 90.

It is evident, from an examination of the testimony, that it is of such a character that the learned trial judge was not warranted in withdrawing it from the consideration of the jury by instructing them as complained of in the fourth specification, and directing as recited in the fifth specification: "You will therefore render a verdict for the defendant." There was some conflict of testimony; but, wholly aside from that, it was clearly for the jury to say whether or not the circumstances were sufficient to warrant an ordinarily prudent man in believing the plaintiff was guilty of the offense charged, and also whether there was malice. The case should have been submitted to the jury under proper instructions, and it was error not to do so.

Judgment reversed and a venire facias de novo awarded.