# Bruff *v.* Kendrick, Appellant.

*Malicious prosecution—Probable-cause—Evidence.*

In an action to recover damages for malicious prosecution where it appears that the plaintiff had been tried and found not guilty on two indictments, one charging him with wrongful conversion of goods as bailee, and the other with a wrongful appropriation of money as an employee, evidence is admissible to show the relation of plaintiff and defendant to each other, either as bailor and bailee, employer and employee, or debtor and creditor.

*Malicious prosecution—Probable cause.*

Probable cause does not depend upon the guilt or innocence of the plaintiff, but upon appearances deduced from facts known to the defendant and information received by him, and properly investigated, of a character to produce in the mind of a reasonably prudent and cautious person the honest belief that the crime charged had been committed.

*Malicious prosecution—Probable cause—Province of court and jury.*

Whether certain facts constitute probable cause must be determined by the court, but whether such alleged facts exist is for the jury to find. Where the facts are in controversy the subject must be submitted to the jury, in which event it is the duty of the court to instruct them what facts will constitute probable cause, and submit to them only the question of such facts. If the admitted facts amount to probable cause, the court should direct a verdict for the defendant.

When a prosecutor established that the accused was his servant, that by virtue of the employment he had received money belonging to his employer and had converted the same to his own use, such evidence not only establishes probable cause for the prosecution but would in the criminal proceeding make out a prima facie case against the accused, and in the absence of explanation would be sufficient to sustain a conviction. An instruction that even if these facts were established by evidence they did not constitute probable cause, is erroneous.

Argued Oct. 9, 1902.    Appeal, No. 291, Oct. T., 1902, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1898, No. 386, on verdict for plaintiff in case of John W. Bruff v. John R. Kendrick and John R. Kendrick, Jr.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Trespass for malicious prosecution.    Before McMICHAEL, J. At the trial it appeared that John W. Bruff, the plaintiff,

was an advertising agent, and that Edwin Lentz & Company procured him to insert an advertisement for them in the American Carpet & Upholstery Trade, a paper published by the defendant. This was done under the following letter.

" January 7, 1897.

" TRADE'S PUBLISHING CO., JOHN R. KENDRICK, President.
" THE AMERICAN CARPET AND UPHOLSTERY TRADE,
"113 N. Twelfth St., Phila.

" Insert our advertisement in the American Carpet and Upholstery Trade for one year, and thereafter until ordered out, to occupy one quarter page, for which we agree to pay One Hundred and twenty-five dollars per year. Privilege of discontinuing in six months if so desired. Payable quarterly.

          .   (Signed)     " JNO. W. BRUFF,
                                   "903 Walnut St.

" No verbal agreements with agents will be recognized."

About the time that the first quarter became due, the defendant gaye to Mr. Bruff a bill from his firm to Edwin Lentz & Company. Upon the back of the bill he wrote these words : " Pay this to Mr. Bruff." Bruff collected this money, but did not pay it over to defendant. He claimed that he had purchased the space in the paper on his own credit and responsibility, and had resold it to defendant. Kendrick consulted counsel, laid before him all the correspondence and the contract, and subsequently procured Bruff's arrest. Plaintiff was acquitted.

The court admitted under objection and exception the above letter. [1]

The court charged in part as follows :

[It seems quite clear, if the present plaintiff's (Mr. Bruff's) story be correct and accurate and truthful, that there was no probable cause existing for his arrest. According to his testimony, and you may think it is corroborated by the letters and other documentary evidence, the relation between Mr. Bruff and Mr. Kendrick was that simply of debtor and creditor, and it is against the policy of the law of Pennsylvania that criminal process should be used to collect a civil debt. If, however, you believe the testimony of the defendant and his witnesses,

the relation between Mr. Bruff and Mr. Kendrick, Jr., was not that of debtor and creditor, but that of agent and principal, and if Mr. Bruff, as Kendrick says he did, collected an amount of money from Mr. Lentz which was due to him, Kendrick, and appropriated it to his own use, then there might have been probable cause for the prosecution which was instituted, and that would largely depend upon the somewhat involved question of whether Bruff feloniously appropriated the money of Kendrick to his own use.] [2]

Verdict and judgment for plaintiff for $500. John R. Kendrick, Jr., appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2) above instructions, quoting them.

*H. B. Gill*, with him *John R. Read, Silas W. Pettit* and *Louis B. Runk*, for appellant.—The question of the presence or absence of probable cause does not depend upon the guilt or innocence of the accused, or upon the fact whether or not a crime has been committed. . . . Want of probable cause and malice was the issue in the cause and it makes no difference as to the innocence of the accused: Lytton v. Baird, 95 Ind. 349; Hays v. Blizzard, 30 Ind. 459; Mitchell v. Logan, 172 Pa. 349; Fry v. Wolf, 8 Pa. Superior Ct. 468.

*Charles H. Edmunds*, with him *Charles L. Smyth*, for appellee.—The defendant's mere belief is not the test, but the test is whether circumstances exist which would warrant another person, a cautious man, in a belief of probable cause. No such circumstances exist in this case. No cautious man fully informed, even as to the defendant's letter of May 7, 1897, could construe the transaction other than that of a mere debt: Ritter v. Ewing, 174 Pa. 341.

OPINION BY W. D. PORTER, J., November 19, 1902:

This is an action of trespass to recover damages for an alleged malicious prosecution. The information in which the criminal prosecution had its inception was not drawn with technical skill but it charged the defendant with the fraudulent embezzlement of a sum of money which he had been authorized

to collect for the prosecutor. The defendant waived a hearing and gave bail for court. The indictment, which was returned a true bill by the grand jury, contained two counts : the first was drawn under section 108 of the Act of March 31, 1860, P. L. 409, and charged the defendant, the plaintiff in the present action, with having, as a bailee of certain property of the prosecutor, fraudulently taken and converted the same to his own use ; the second count was drawn under section 107 of the same statute and charged that he had while in the employ of the prosecutor, as a clerk and servant, and by virtue of said employment received and taken into his custody for and in the name and on account of the prosecutor certain money and had fraudulently embezzled the same. There was a trial upon this indictment and a verdict of not guilty. The relation which the parties bore to each other, whether bailor and bailee, employer and servant, or ordinary debtor and creditor, was a vital element in determining the guilt or innocence of the defendant in the criminal proceeding and was material to be considered in the inquiry as to probable cause for that prosecution. The evidence which is the subject of the first specification of error had a direct bearing upon that question and there was no error in the admission thereof by the learned judge of the court below.

The learned judge in charging the jury correctly stated the legal principles generally involved in actions for malicious prosecution. When he came to instruct them as to the application of those principles to the evidence in this case, he used the language which is the subject of the second specification of error. That part of the instruction in which the jury were told that if they believed the testimony of Bruff the relation between the parties was that of debtor and creditor and no probable cause existed for the prosecution, would have been correct if Kendrick had been cognizant of the facts. But the original arrangement between the parties had been made by Hibbard, who was at that time a partner of Kendrick, and if Hibbard had made an incorrect report of the matter to Kendrick and the latter had believed that report to be true and in good faith acted upon it, he was entitled to have that fact considered in determining whether there was probable cause for the prosecution. Probable cause does not depend upon the guilt or innocence of the plaintiff,

but upon appearances deduced from facts known to the defendant and information received by him, and properly investigated, of a character to produce in the mind of a reasonably prudent and cautious person the honest belief that the crime charged had been committed : Mitchell v. Logan, 172 Pa. 349.

The alternative instruction, as to the result in case the jury believed the testimony of the defendant and his witnesses, was clearly erroneous.   The learned judge said : " If, however, you believe the testimony of the defendant and his witnesses, the relation between Mr. Bruff and Mr. Kendrick was not that of debtor and creditor, but that of agent and principal, and if Mr. Bruff, as Kendrick says he did, collected an amount of money from Mr. Lentz which was due to him (Kendrick) and appropriated it to his own use, then there might have been probable cause for the prosecution which was instituted, and that would largely depend upon the somewhat involved question of whether Bruff feloniously appropriated the money of Kendrick to his own use."   The jury must have understood from this that even if Bruff was in the employ of Kendrick and did by virtue of that employment receive the money due to Kendrick and did convert it to his own use, these things would not constitute probable cause for the prosecution unless the appropriation had been felonious.   This was to require of the defendant proof that the plaintiff was actually guilty of the offense of which he had been charged.   No light was given to the jury, in connection with this instruction, as to the distinction which was in the mind of the court between the conversion of the money of an employer to his own use by a servant, and a felonious appropriation.   The act of March 31, 1860, sec. 107, makes it a crime for a clerk, servant, or other person in the employ of another to " fraudulently embezzle" any chattel, money or other valuable security which he has received or taken into his possession for or in the name, or on account of his master or employer ; these are the elements of the crime ; the legal result of the existence of these elements is specificially declared by the statute, " every such offender shall be deemed to have feloniously stolen the same from his master or employer."   The " fraudulent embezzlement" is complete when the servant intentionally converts or appropriates the property of his employer to his own use.   The voluntary act of a man is intentional, and

any voluntary conversion of the money of a master by a servant to his own use is presumed to be fraudulent. When the facts established by the evidence do not in themselves constitute the offense, as the mere failure by a servant to pay over the money at a particular time where the charge is embezzlement, or the offense is a continuing one and may not be established by proof of one injurious act, as in an indictment for nuisance, the honest belief of the prosecutor, based upon reasonable grounds, may become involved in the consideration of the existence of probable cause, and the existence of that belief is a fact for the jury : Ritter v. Ewing, 174 Pa. 341 ; Fry v. Wolf, 8 Pa. Superior Ct. 468. Whether certain facts constitute probable cause must be determined by the court ; but whether such alleged facts exist is for the jury to find. Where the facts are in controversy the subject must be submitted to the jury, in which event it is the duty of the court to instruct them what facts will constitute probable cause, and submit to them only the question of such facts. If the admitted facts amount to probable cause, the court should direct a verdict for the defendant : McCarthy v. DeArmit, 99 Pa. 64 ; Brobst v. Ruff, 100 Pa. 91 ; Walbridge v. Pruden, 102 Pa. 1 ; Beihofer v. Loeffert, 159 Pa. 374. When a prosecutor establishes that the accused was his servant, that by virtue of the employment he had received money belonging to his employer and had converted the same to his own use, such evidence not only establishes probable cause for the prosecution but would in the criminal proceeding make out a prima facie case against the accused, and in the absence of explanation would be sufficient to sustain a conviction. The instruction of the court below that even if these facts were established by evidence they did not constitute probable cause was erroneous : Mitchell v. Logan, supra. The second assignment of error is sustained.

The judgment is reversed and a venire facias de novo awarded.