## Scott, Appellant, v. Dewey.

*Malicious prosecution—Probable cause—Malice—Burden of proof—Evidence.*

In an action for malicious prosecution the burden of proof is on the plaintiff to show malice and want of probable cause.

A discharge by an examining magistrate or by the verdict of a petit jury shifts the burden of proof and casts on the defendant the burden of showing probable cause.   When probable cause is shown, the motive of the prosecutor is unimportant.   A well founded prosecution may be undertaken from a bad motive.   Whether the facts presented constitute probable cause is a question to be determined by the court.   If the admitted facts amount to probable cause, a verdict for the defendant should be directed by the court.

While it is true that the discharge or acquittal of the plaintiff casts the burden on the defendant to show probable cause, the rule does not apply in cases where the plaintiff's own testimony discloses the existence of probable cause.

Probable cause is a reasonable ground for belief of guilt,—a deceptive appearance of guilt arising from facts and circumstances misapprehended or misunderstood so far as to produce belief.

Where probable cause has been shown it is a matter of no legal consequence whether malice existed or not.

Where probable cause has been shown by the plaintiff's own evidence, it is the duty of the court below to decide that the plaintiff cannot recover. This may be done on a motion for compulsory nonsuit, or by the reservation of a question of law and subsequent entry of judgment for defendant non obstante veredicto.

*Practice, C. P.—Trial—Reservation of question of law—Malicious prosecution.*

In an action for malicious prosecution a question of law is properly reserved as follows: "Whether or not there is any evidence to submit to to the jury of want of probable cause in bringing the criminal prosecution."

*Malicious prosecution—Probable cause—Malice.*

Where in an action for malicious prosecution, the plaintiff's own evidence shows probable cause, offers of evidence made in support of the allegation of malice are properly rejected as immaterial.

*Malicious prosecution—Probable cause — Principal and agent — Evidence.*

In an action for malicious prosecution it appeared from the plaintiff's own evidence that he had been the agent of an owner of oil. His principal notified him to deliver the oil and other property, except cash, to the defendant to whom the property had been sold. The defendant immediately took charge of the property which the plaintiff delivered to him, but before the defendant could sell the oil, he found that plaintiff had already disposed of it. Plaintiff claimed as an excuse for his action that he considered the oil in the pipe lines as cash; that he was not satisfied that defendant was authorized to receive the property; and that defendant owed him an account. *Held,* that the plaintiff's own evidence showed probable cause for the prosecution, and that the court committed no error in entering judgment against him on a point reserved.

Argued May 11, 1903.   Appeal, No. 114, April T., 1903, by plaintiff, from judgment of C. P. Armstrong Co., June T., 1903, No. 90, for defendant non obstante veredicto in case of C. A. Scott v. Edward W. Dewey.   Before RICE, P. J., BEAVER, ORLADY, SMITH, MORRISON and HENDERSON, JJ.   Affirmed.

Trespass for malicious prosecution.   Before PATTON, P. J. The facts are stated in the opinion of the Superior Court. At the trial the court reserved two questions of law as fol-

lows: "In this case we reserve two questions of law for our determination hereafter. First, whether or not there is any evidence to submit to the jury of want of probable cause, in bringing the criminal prosecutions, with the right to enter a verdict for the defendant non obstante veredicto, and second, we reserve the question of whether there is any evidence of malice in bringing the criminal prosecutions, to submit to the jury, with the right to enter a verdict for the defendant non obstante veredicto."

Verdict for plaintiff for $1,500. Subsequently the court entered judgment for defendant non obstante veredicto.

*Errors assigned* were in reserving the questions of law as above, in entering judgment for defendant non obstante veredicto, and in various rulings on evidence referred to in the opinion of the Superior Court.

*M. F. Leason* and *C. E. Harrington*, with him *Calvin Rayburn*, for appellant.—The plaintiff contends that the reservations are not in proper form and substance and effect: Mayne v. Fidelity & Deposit Co. of Maryland, 198 Pa. 490; Franklin v. Hancock, 18 Superior Ct. 398; Newhard v. Penna. R. R. Co., 153 Pa. 517; Koons v. W. U. Tel. Co., 102 Pa. 164; Wilde v. Trainor, 59 Pa. 439; Casey v. Penna. Asphalt Paving Co., 198 Pa. 348; Yerkes v. Richards, 170 Pa. 346.

An action for malicious prosecution lies when there is evidence that the plaintiff was committed on criminal charges at the defendant's instance, an indictment found, and a verdict of not guilty rendered on the trial of the prosecution: Reel v. Martin, 12 Pa. Superior Ct. 340.

The case is for the jury where it appears that the plaintiff in an action as defendant in the prosecution was lawfully discharged although there was evidence tending to establish probable cause and rebut the presumption of malice: Auer v. Mauser, 6 Pa. Superior Ct. 618; Miller v. Hammer, 141 Pa. 196.

*J. H. McCain*, of *McCain & Christy*, for appellee.—Whether there be any evidence which entitles the plaintiff to recover is necessarily a question of law: Fisher v. Scharadin, 186 Pa. 565.

The court may reserve the question "whether there is any evidence" of a fact essential to recovery: Wilde v. Trainor, 59 Pa. 439; Koons v. Western Union Tel. Co., 102 Pa. 164; Newhard v. Penna. R. R. Co., 153 Pa. 417.

The discharge or acquittal of the plaintiff ordinarily casts the burden of proof on the defendant to show that there was probable cause. But it is well settled that this rule has no application in cases where the plaintiff's own testimony shows its existence: Ruffner v. Hooks, 2 Pa. Superior Ct. 278.

OPINION BY HENDERSON, J., October 5, 1903:

The plaintiff brought this action to recover damages for malicious prosecution. The defendant instituted criminal proceedings against the plaintiff in the court of quarter sessions of Armstrong county, in which cases indictments were found in that court at No. 16 and No. 18, December sessions, 1901. The indictments are not printed in the paper-book, but the charges preferred by the prosecutor were for the fraudulent conversion of oil and misappropriation of the proceeds thereof, and are described in the complaints made before the committing magistrate as "false pretense, embezzlement and larceny by bailee." The cases were tried at March sessions of that court, and a verdict of not guilty was rendered in each case, whereupon the plaintiff instituted this action. At the trial, the court below submitted the case to the jury reserving two points: First, whether or not there is any evidence to submit to the jury of want of probable cause in bringing the criminal prosecutions. Second, whether or not there is any evidence to submit to the jury of malice in bringing the criminal prosecutions. After a verdict for the plaintiff and argument on the points reserved, judgment was entered in favor of the defendant non obstante veredicto.

That the burden of proof is on the plaintiff to show malice and want of probable cause in an action for malicious prosecution is shown by many authorities. It is also well established as a general proposition that a discharge by an examining magistrate or by the verdict of a petit jury shifts the burden of proof and casts on the defendant the burden of showing probable cause. When probable cause is shown, the motive of the prosecutor is unimportant. A well founded prosecu-

tion may be undertaken from a bad motive. Whether the facts presented constitute probable cause is a question to be determined by the court. If the admitted facts amount to probable cause, a verdict for the defendant should be directed by the court: Bruff v. Kendrick, 21 Pa. Superior Ct. 468; McCarthy v. DeArmit, 99 Pa. 63; Walbridge v. Pruden, 102 Pa. 1; Beihofer v. Loeffert, 159 Pa. 374; Mitchell v. Logan, 172 Pa. 349.

While it is true that the discharge or acquittal of the plaintiff casts the burden on the defendant to show probable cause, the rule does not apply in cases where the plaintiff's own testimony discloses the existence of probable cause. " If the plaintiff's own testimony shows the existence of probable cause, it lifts the burden from the defendant:" Cooper v. Hart, 147 Pa. 594; Bernar v. Dunlap, 94 Pa. 329; Auer v. Mauser, 6 Pa. Superior Ct. 618; Ruffner v. Hooks, 2 Pa. Superior Ct. 278.

It was said in Smith v. Ege, 52 Pa. 419, " Probable cause does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting," and in the same case the court after referring to a number of cases on the subject says, " The substance of all these definitions is a reasonable ground for belief of guilt."

" Our own cases define probable cause to be reasonable grounds for belief of guilt—a deceptive appearance of guilt arising from facts and circumstances misapprehended or misunderstood so far as to produce belief: " Beach v. Wheeler, 30 Pa. 69.

The learned court below was of the opinion that probable cause was disclosed by the plaintiff's own testimony, and our examination of the evidence leads us to the same conclusion.

George H. Church of the city of New York was the owner of the Brady's Bend Iron & Coal Company property, and in the summer of 1891 sold it to the defendant. His attorney was Orr Buffington, Esq. The plaintiff was appointed agent of Mr. Church to look after the property in 1896. About July 20, 1901, the plaintiff received a written notice from Church in the following form:

" July 18, 1901.

" Dear Sir : Will you please deliver to the bearer, Mr.

Edward W. Dewey, the possession of all the property, personal and real, except cash, comprising the Brady's Bend Coal & Iron Company's property. Mr. Dewey will hereafter take charge of the property, and will engage such employees as he may choose.

" Very truly yours,

" A. C. SCOTT, Esq.,          GEORGE H. CHURCH.
          " Brady's Bend."

Immediately thereafter Dewey took charge of the property. Part of the property consisted of oil in the National Transit lines, and in the Producers' & Refiners' lines. Scott gave a pipe line order to Dewey on August 8, which authorized the latter to receive the oil in the National Transit lines. The next morning Dewey went to Oil City to sell the oil. Scott, knowing Dewey's errand, the same day went to Parker City and sold the oil to an agent of the United Pipe lines and received the proceeds, $98.61. When Dewey went to the office of the National Transit Company at Oil City, he found the oil had been sold that day by Scott. Scott was enabled to sell the oil because it had been run in his name into the lines, and the sale was made before Dewey presented his order at the office of the company at Oil City. It was because of this transaction that one of the prosecutions was preferred against the plaintiff.

On September 20 of the same year a letter was received at Brady's Bend Post Office addressed to the Brady's Bend Coal & Iron Company. This letter contained a check for $169.89, payment for the oil in the Producers' and Refiners' lines. Dewey had signed the pipe line order and mailed it to the agent of the Pipe Line Company at Pittsburg. Scott took the letter referred to from the office, indorsed the check " Brady's Bend Iron & Coal Company, per C. A. Scott, Agent," and received the money on it at the People's National Bank at East Brady. After some delay and an active search for the missing check, Dewey learned that Scott had obtained the money on it. Out of this transaction the second prosecution arose.

There is no ground for doubting that Dewey owned the oil in the pipe lines. No other person claimed it, or has claimed it, and Scott had no property in or right to it. His relation to

it as agent for Church was terminated by the notice of July 18. Dewey was on the premises managing his own property. Mr. Buffington had notified Scott that his agency was terminated. The excuses given by Scott for converting the oil and taking the money were: first, that the order of July 18 directed that all property be turned over "except cash," and that he considered the oil in the pipe lines cash; second, that he was not satisfied that Mr. Dewey was authorized to receive the property; third, that Dewey owed him an account.

On no reasonable theory could the plaintiff claim that oil in the pipe lines was cash. He might with equal propriety allege that lumber piled up by the railroad track or coal at the mouth of the pit was cash.

He recognized the order of Church and delivered possession of the property generally to Dewey, and was notified by Mr. Buffington that Dewey was to have control of the property, and he did in fact turn over the proceeds of some oil to Dewey. His claim that he did not know that Church owned the property, and that he did not know who did own it can hardly be credited in view of his relation to the property during several years. He of course had no authority to take the property of Dewey and convert it into money and keep the proceeds pending a settlement of any account which he may have had or claimed to have against the latter. His testimony in relation to these transactions is evasive, and leaves the impression that he was not disposed to be frank and candid in its delivery. No excuse or justification has been shown of his conduct with reference to the sale of oil and the retention of the proceeds, and the owner of the property so converted would justly have well founded grounds to believe, in the absence of any satisfactory explanation, that the transaction was a criminal misappropriation of his property.

Probable cause having been shown by the plaintiff's own evidence, it became the duty of the court below to decide that the plaintiff could not recover. This might have been done on the motion for a compulsory nonsuit, but the court out of greater caution reserved the question "whether or not there is any evidence to submit to the jury of want of probable cause in bringing the criminal prosecutions." This is not, as is contended by the appellant's counsel, a reservation of the question

" whether under all the evidence the plaintiff is entitled to recover " or, " whether upon the whole testimony the plaintiff is entitled to recover," and reservations in similar terms. Whether there is any evidence of a fact essential to the plaintiff's case is a question of law. This was expressly decided in Wilde v. Trainor, 59 Pa. 439.

In Koons v. Western Union Tel. Co., 102 Pa. 164, a point reserved was " that there is no evidence of negligence on the part of the defendants or on which they can be made answerable." It was held in that case that the reservation was good.

In Newhard v. Penna. R. R. Co., 153 Pa. 417, the reservation was " whether there is any evidence in the case to be submitted to the jury upon which the plaintiff is entitled to recover." The court there held that the reservation was in effect whether there is any evidence upon which a judgment can be sustained, and was not a reservation " whether under all the evidence the plaintiff is entitled to recover," and the rule in Wilde v. Trainor, supra, was reaffirmed.

The question arose in Casey v. Penna. Asphalt Paving Co., 198 Pa. 348. The court there said : " While the question ' whether under all the evidence ' or, ' upon the whole testimony the plaintiff is entitled to recover ' cannot be reserved, because it involves the drawing of inferences of fact from the evidence, which is the province of the jury, the court may reserve the question ' whether there is any evidence ' of a fact essential to recovery. This question is a pure question of law." Both of the reservations made by the court below were in accordance with the practice authorized by the cases cited, and others which might be referred to. It was essential that the plaintiff establish the existence of want of probable cause. His acquittal shifted the burden to the defendant. The existence of probable cause shown by his own testimony lifted the burden from the defendant. The evidence in the case clearly shows the existence of probable cause. The plaintiff has therefore failed to establish one of the material facts necessary to recovery. Probable cause having been shown, it is a matter of no legal consequence whether malice existed or not, and the conclusion of the court or the jury on the second reservation, in favor of the plaintiff did not entitle him to a verdict.

The evidence offered by the plaintiff in relation to the Evans lease was properly rejected. It had no connection with the business out of which the prosecutions arose, and did not tend to establish malice. The evidence relating to the return of the plaintiff for selling liquor was also properly rejected. Its relevancy would have been more apparent if it had been proposed to show that the plaintiff had not violated the liquor laws of the commonwealth. The proposal to prove by the constable that he had conferred with the persons named as witnesses, and that he considered the charge unfounded was inadmissible in any view of the case. To state the proposition is to answer it. It will be observed moreover that these offers of evidence were made in support of the allegation of malice. In the views expressed in the foregoing opinion, the existence of malice if established would not make out a case for the plaintiff.

The case was correctly tried by the learned judge below. The assignments of error are therefore overruled and the judgment affirmed.