## Humphreys *v.* Mead, Appellant.

*Malicious prosecution—Probable cause—Malice—Advice of counsel.*

Probable cause does not depend upon the guilt or innocence of the plaintiff, but upon appearances deduced from facts known to the defendant and information received by him, and properly investigated, of a character to produce in the mind of a reasonable, prudent and cautious person the honest belief that the crime charged had been committed.

Malice may be inferred from a want of probable cause. The inference is one of fact, however, and not a conclusion of law. The want of probable cause becomes therefore evidence of malice, the existence of which is to be determined by the jury.

In order to make the advice of counsel available by way of defense, it must be shown that the party gave to his counsel a full and fair statement of the facts within his knowledge, or which he had reasonable grounds to believe he could prove, that he used reasonable diligence to ascertain the facts, and that he acted in good faith upon the advice received. Evidence of this character is admissible to rebut the charge of malice, but its relevancy is to establish a fact, not to produce a conclusion of law.

Argued May 13, 1903. Appeal, No. 108, April T., 1903, by defendant, from judgment of C. P. No. 2, Allegheny Co., Sept. T., 1900, No. 104, on verdict for plaintiff in case of William M. Humphreys v. James J. Mead and A. A. Speer, trad-

ing as Mead & Speer. Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for malicious prosecution. Before RODGERS, J.

At the trial it appeared that William M. Humphreys owned timber land in Westmoreland county. In 1894 one A. M. Tressel made an agreement with Humphreys by which Tressel was to receive all over $4,500 for the timber if he should find a purchaser. Subsequently Tressel and wife bought the timber under an agreement which specified that the price was $5,000 of which $1,500 was to be paid in cash. The cash payment was made, and Tressel demanded and received $500. Tressel entered into an agreement with defendants by which they were to advance him $1,500 in cash and to take the lumber as it was cut. This $1,500 was used to pay plaintiff the cash required by the agreement. Tressel told defendants that " they say " the land will cut ten thousand feet to the acre. There was no evidence that plaintiff had made this statement, or had made any representations to defendants or had any conversation with them in reference to the transaction. The court refused binding instructions for defendants.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. K. Jennings*, for appellants, cited: McClafferty v. Philip, 151 Pa. 86; Replogle v. Frothingham, 16 Pa. Superior Ct. 374; Huckestein v. N. Y. Life Ins. Co., 205 Pa. 27.

*J. M. Shields*, with him *James S. Young*, for appellee, cited: McCarthy v. DeArmit, 99 Pa. 63; Smith v. Walter, 125 Pa. 453; Leahey v. March, 155 Pa. 458; Bell v. Atlantic City R. R. Co., 202 Pa. 178.

OPINION BY HENDERSON, J., October 5, 1903:

The appellants' complaint is that the learned judge of the court below refused to give binding instructions to the jury in

favor of the defendants. Such instructions would have been correct if the plaintiff failed to introduce competent evidence of want of probable cause and malice. It does not seem to be seriously contended that there was no evidence of want of probable cause. The testimony of the plaintiff was direct upon that subject, and he was corroborated by the other evidence introduced in his behalf. The testimony of the appellants not only did not show that the appellee had engaged in a conspiracy to defraud them, but presented little, if any, evidence tending in that direction. He had not seen the appellants before the execution of the contract for the sale of the timber to Tressel and his wife, nor did he make any representations to the appellants with reference to the land. He neither obtained any money from them nor induced them to lend money to Tressel. No evidence was offered from which it could be fairly inferred that he made fraudulent representations to any one with reference to the timber. It would be a most unwarranted conclusion that he was chargeable with fraud because of the statement of Tressel to one of the appellants that "they say" the timber will run 10,000 feet to the acre. This reference in Tressel's statement is just as applicable to the neighborhood talk in the vicinity of the timber, or the statement of some workmen in the sawmill as to the appellee. Nor was the evidence with reference to the $500 commission of much greater significance. The plaintiff's testimony was that Tressel might have "anything over $4,500" to be obtained for the timber, if he, Tressel, found a purchaser. Tressel and his wife bought the timber, and Tressel claimed a reduction in the price from $5,000 to $4,500, in accordance with what he claimed was the agreement with Humphreys. The appellants loaned their money to Tressel on his own statement as to what he was doing, and without any knowledge on the part of Humphreys of any representations made by Tressel to the appellants, or any conversation between them. These are the two facts on which the appellants relied in their action against the appellee for conspiracy. The evidence in that case was plainly insufficient to support the charge.

Were the circumstances, then, such as to warrant a man of ordinary prudence in believing the plaintiff was guilty of conspiracy? "Probable cause does not depend upon the guilt or

innocence of the plaintiff, but upon appearances deduced from facts known to the defendant and information received by him, and properly investigated, of a character to produce in the mind of a reasonably prudent and cautious person the honest belief that the crime charged had been committed: " Bruff v. Kendrick, 21 Pa. Superior Ct. 468; Mitchell v. Logan, 172 Pa. 349. It was said by Mr. Justice FELL in the case last cited that " the test is the prosecutor's belief of the existence of probable cause at the time based upon reasonable grounds." This was a question for the jury, and was properly submitted to it by the court: Bruff v. Kendrick, supra; Ritter v. Ewing, 174 Pa. 341. In the latter case, the court said : " There was some conflict of testimony, but wholly aside from that it was clearly for the jury to say whether or not the circumstances were sufficient to warrant an ordinarily prudent man in believing the plaintiff was guilty of the offense charged, and also whether there was malice."

Unless, therefore, there was not any evidence to go to the jury on the question of malice there was no error in the refusal of the court to affirm the defendant's first point.

Malice may be inferred from a want of probable cause. The inference is one of fact, however, and not a conclusion of law. The want of probable cause becomes therefore evidence of malice, the existence of which is to be determined by the jury.

Resort to legal counsel by the defendants was competent to meet the charge of malice, but was evidence in the case for the consideration of the jury.

In order to make the advice of counsel available by way of defense, it must be shown that the party gave to his counsel a full and fair statement of the facts within his knowledge, or which he had reasonable grounds to believe he could prove, that he used reasonable diligence to ascertain the facts, and that he acted in good faith upon the advice received. Evidence of this character is admissible to rebut the charge of malice, but its relevancy is to establish a fact, not to produce a conclusion of law. In a very late case it was held that " a resort to professional advice does not constitute an independent and substantive defense to an action for malicious prosecution, but is admissible as tending to establish a defense. Whether

or not the defense is established is a question of fact to be found by the jury from all the facts and circumstances taken in connection with such advice : " Bell v. Atlantic City R. R. Co., 202 Pa. 178, and cases there cited.

In Schofield v. Ferrers, 47 Pa. 194, the court said that whether a prosecution was instituted maliciously or not was always a question for the jury.

We do not understand the cases cited by the appellants' counsel to hold that evidence of the resort to counsel is conclusive. The question of fairness, good faith and diligence must be taken into consideration by the jury in connection with the other evidence in the case in arriving at a conclusion as to the existence of malice.

We think the question of malice was properly submitted to the jury, and that the answer of the learned judge to the defendant's first point was correct. The affirmance by the court below of the defendants' fourth point was as favorable a statement of the law as the defendants had a right to ask.

The judgment is therefore affirmed.

