## Hantman *v.* Hedden, Appellant.

*Malicious prosecution—Probable cause—Inception of the prosecution—Erroneous charge.*

In an action for malicious prosecution the question of probable cause relates to the inception of the prosecution, and that is to be determined from the facts and circumstances which were then known to the prosecutor. It is therefore error, in such a case, to charge that if the defendants continued the prosecution after they had learned that the plaintiff "was not guilty of the charge, or that they had no reason to believe he was guilty of the charge, then the action was without probable cause."

Argued May 11, 1906. Appeal, No. 31, April.T., 1906, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1903, No. 73, on verdict for plaintiff in case of Joseph Hantman v. M. W. Hedden and the Pittsburg Cigar Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Reversed.

Trespass for malicious prosecution.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $850. Defendant appealed.

*Error assigned* was the portion of the charge quoted in the opinion of the Superior Court.

*John Marron,* of *Marron & McGirr,* with him *H. G. Wasson,* for appellant.—The inquiry as to probable cause goes back to the commencement of the prosecution and relates to the facts then known and as they then appeared: Grohmann v. Kirschman, 168 Pa. 189; Mitchell v. Logan, 172 Pa. 349; Brown v. Smith, 83 Ill. 291; Musgrove v. Newell, 1 M. & W. 582.

*J. S. Ferguson,* with him *A. C. Stein,* for appellee.—The question whether or not there was probable cause does not depend on the actual state of the case in point of fact. The test is the prosecutor's belief of its existence, based, however, upon reasonable grounds: Fry v. Wolf, 8 Pa. Superior Ct. 468; Sharpe v. Johnston, 76 Mo. 660; Christian v. Hanna, 58 Mo. App. 37.

OPINION BY BEAVER, J., October 5, 1906:

The action here is for trespass, based upon a malicious prosecution. The trial was fairly conducted in the main, and a verdict rendered in favor of the plaintiff.

The assignment of error raises a single question which is found in the charge of the court, which in general is clear and satisfactory. The clause to which exception is taken is as follows:

" Now that is the situation with reference to the first question for you to consider, namely, whether this criminal charge was brought and prosecuted by these defendants with probable cause. Then you are to further consider, even if they brought it innocently, or if they thought and were justified in believing that he was guilty, did they continue to prosecute the case after they had been convinced of the man's innocence of the charge? If so, they were not justified in keeping up the prosecution, if they learned that he was not intending to steal them (2,000 cigars) or to commit a crime. If they learned that afterwards, as the case progressed, then it was their duty to cease the prosecution. So that, if they brought this action without any probable cause, that is, without having any reason to believe, or any circumstances or facts in the case that would lead a reasonably prudent man to believe, that he was guilty, or if they continued to prosecute it after they had learned that he was not guilty of the charge, or that they had no reason to believe he was guilty of the charge, then the action was without probable cause."

In Grohmann v. Kirschman, 168 Pa. 189, Mr. Justice FELL, in delivering the opinion of the court, said: " The inquiry as to the probable cause goes back to the commencement of the prosecution, and it relates to the facts then known and as they then appeared. It is not confined to the truth of matters which led to the prosecution, but extends to their appearance as indicating the guilt or innocence of the accused. The jury in the criminal court deals with the question of actual guilt as it appears at the trial, not with the indications of guilt as they appeared at the time of the arrest.

" The plaintiff in this case went a step further, and under objection offered testimony of what the judge said at the trial in the quarter sessions. The remarks of the trial judge were

directed to the question of actual guilt as it appeared after a full investigation and after hearing the testimony of both sides. They were based upon a state of facts different from those which led to the arrest, and related to the grounds for conviction or acquittal. We are of opinion that this testimony should have been excluded."

This authority seems to us conclusive of the question raised by this assignment of error. The inquiry as to probable cause must be confined to the facts and circumstances which were apparent at the time the prosecution was commenced. If they indicated guilt, there was probable cause for the prosecution. Anything which appeared subsequently touching the guilt or innocence of the defendant in the prosecution could not, in the very nature of the case, have been considered at the time the prosecution was commenced.

So in Mitchell v. Logan, 172 Pa. 349 : " Probable cause is a reasonable ground for belief, or, as defined by Judge WASHINGTON in Munns v. Dupont, 3 Washington's C. C. 31, it is 'a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.' The test is the prosecutor's belief of the existence of probable cause at the time, based upon reasonable grounds."

The testimony adduced at the trial of the defendant in the criminal case could throw no additional light upon what appeared to the prosecutor at the time the prosecution was commenced, and that must necessarily be the time which the law contemplates as governing the question of probable cause. We think, therefore, that the appellant has good reason to complain of the instruction to the jury that, " If they continued to prosecute it after they had learned that he was not guilty of the charge, or that they had no reason to believe he was guilty of the charge, then the action was without probable cause." If there was probable cause in beginning the prosecution, the prosecutor (the defendant here) had a right to carry it to its legitimate conclusion and could not be held in damages here, provided there was no malice.

The offense with which the plaintiff here was charged in the criminal prosecution was a felony. To what extent the prose-

cutor in the criminal prosecution could control its conduct is an additional consideration in determining the character of the instruction complained of.

The Act of May 3, 1850, P. L. 654, relating to the election of district attorneys, provides : " The officer so elected shall sign all bills .of indictment and conduct in court all criminal or other prosecutions in the name of the commonwealth, or when the state is a party, which arise in the county for which he is elected, and perform all the duties which now by law are to be performed by deputy attorney generals, and receive the same fees or emoluments of office : Provided, said district attorneys shall in no case whatever have authority to enter a nolle prosequi in any criminal case either before or after bill found, or to discharge a prisoner from custody, without first having obtained the approbation of the court, in writing."

It is not clear, therefore, how a prosecutor, even if he became convinced of the innocence of the defendant in a prosecution for a felony, could " cease the prosecution." Even if the prosecutor were called as a witness, his attention would be. called only to the facts, and he would, doubtless, not be allowed to express an opinion as to the guilt or innocence of the defendant.

It is not necessary to enlarge upon this question, inasmuch as our Pennsylvania authorities are very clear that the question of probable cause relates to the inception of the prosecution, and that it is to be determined from the facts and circumstances which are then known to the prosecutor.

For these reasons, we think the assignment of error should be sustained.

Judgment reversed and a new venire awarded.