Opinion by
Henderson, J.,
The first error assigned is the admission of the complaint against the plaintiff made in the criminal prosecution before the magistrate. The appellant contends that it does not charge a crime. We are unable to accept this view of the case. The charge is expressed in a form long *215 in general use in this state and embodies all that a prosecutor ordinarily would know in regard to the commission of the crime. It charges the fact of an offense and that the complainant suspects a particular person of having committed it. In the absence of actual knowledge as to the perpetrator a prosecutor could only act on suspicion but that the complaint in question was made with the intention of charging the plaintiff with the crime and for the purpose of procuring a warrant for his arrest is very evident.
The testimony embraced in the second assignment which was stricken out by the court was not admissible as the case then stood. Mrs. Napolski did not communicate the information which she had to the defendant until long after the prosecution was terminated and it of course had no effect on the question of probable cause, for the inquiry as to that goes back to the commencement of the prosecution and relates to the facts then known and as they then appeared. The test is the prosecutor’s belief of the existence of probable cause at the time based on reasonable grounds: Mitchell v. Logan, 172 Pa. 349; Hantman v. Hedden, 31 Pa. Superior Ct. 564. The excluded testimony neither threw light on the state of mind of the prosecutor at the time the prosecution was brought nor did it show that the plaintiff was guilty of the crime of which he was accused. There was an entire absence of evidence connecting the plaintiff with the burning of the barn and his discharge by the magistrate necessarily followed. There was not only the presumption of a want of probable cause arising from the discharge but there was some evidence of actual malice, and the case necessarily went to the jury for that reason. We think the evidence stricken out was not admissible in mitigation of damages.
By the affirmance of the defendant’s first point the law was clearly stated and as favorably to the defendant as the evidence permitted. There was no impropriety in explaining in the answer to the point that the malice referred to therein need not be expressed but might be *216 inferred from the facts presented in the case. Taking the whole charge into consideration we regard it as a clear and fair presentation of the case with respect to which the appellant has no substantial ground for complaint.
The judgment is affirmed.